DAVID WRIGHT, Respondent, *v.* JAMES SHANAHAN, as Superintendent of Public Works of the State of New York. and JAMES SHANAHAN, Appellant.

1. PUBLIC OFFICERS — LIABILITY FOR NON-PERFORMANCE OF A MINISTERIAL DUTY. The negligent omission of a public officer to perform a ministerial duty, or an improper discharge thereof, renders him liable to be enjoined and to respond in damages to the injured party.

2. SUPERINTENDENT OF PUBLIC WORKS — IMPROPER MAINTENANCE OF FLUSH BOARDS ON CANAL FEEDER DAM — EQUITABLE RELIEF. In an action brought by an owner of lands on Owasco lake, which is a feeder of the Erie canal, to enjoin the superintendent of public works of the state from maintaining flush boards, during the close of navigation of the canal, upon a dam in the outlet of the lake, and to recover damages from him

individually, it was found that it was the defendant's official duty at the close of navigation of the Erie canal in each year, to remove the flush boards so as to allow the waters of the lake to flow unobstructed over the dam until the freshets of the next spring should have passed ; that the defendant wholly neglected and wrongfully refused to perform his official duty, although often requested by the plaintiff so to do, and that he permitted the flush boards to remain closed upon the dam during the years 1884 to 1888, including the time of the spring freshets and at other times when the waters were running over the flush boards, thereby causing the waters of the lake to overflow the lands of the plaintiff and inflicting upon him damages to a large amount. *Held*, that, in view of the findings in the case, sustained by the evidence, the remedy open to plaintiff to seek compensation in the usual way by proceedings in the Board of Claims was manifestly inadequate, and that he was entitled to equitable relief.

3. Action not Barred by Filing Claim against the State. It appeared that the plaintiff had filed a claim against the state, which included a portion of the damages covered by the action in equity, but the claim had been dismissed by reason of the non-appearance of the claimant. *Held*, that the filing of the claim was no bar to the action.

4. Owasco Lake State Dam — Laws of 1857, Chap. 524 — Additional Appropriation of Water by the State — Height of Flush Boards. It was found, in the above action, that in 1868 a dam which then stood upon the site of the dam in suit, was appropriated by and became the property of the state, by proceedings taken for the purpose, an act having been passed in 1857 (Chap. 524) which authorized the canal commissioners to appropriate the dam, with the further right to increase its height, to draw water therefrom subject to certain hydraulic rights, and to take such lands, water, water rights and privileges as they deemed necessary to effectuate and complete the improvement, such appropriations to be made in the manner provided by law. It was also found that the canal commissioners maintained on the crest of the dam flush boards eighteen inches wide until 1874, or thereabouts, when a new dam was built and flush boards two feet wide were put on and used by the canal commissioners, and that until 1884 (in which year the defendant was appointed superintendent of public works) the flush boards were not kept up permanently, but were removed in times of freshet and high water. A judgment was rendered, enjoining the defendant and his successors in office from placing or maintaining upon the crest of the dam flush boards exceeding one and one-half feet in width at any season of the year when the waters of the outlet should rise to exceed the height of one and one-half feet above the top of the dam, as it stood in 1868, at the time of its appropriation by the state. *Held*, that the action of the canal commissioners and the legislation in the premises might be regarded as an additional appropriation of the waters of the lake, in or about 1874, under the act of 1857 and subsequent legislation, to the extent of increasing the width of the flush boards to two feet; that it was competent for the state to make

such additional appropriation under the act of 1857, subject to the right of riparian owners to be compensated by the state for all damages suffered by still further raising the waters of the lake; and, hence, that the judgment should be modified so as to permit flush boards two feet in width, and so as to limit the height of the water of the outlet at any season of the year to two feet above the top of the dam as it stood in 1868, when appropriated by the state.

*Shaver* v. *Eldred*, 114 N. Y. 236, followed; *Waller* v. *State of New York*, 144 N. Y. 579, distinguished.

*Wright* v. *Shanahan*, 83 Hun, 615, modified.

(Argued April 21, 1896; decided May 26, 1896.)

APPEAL from judgment of the General Term of the Supreme Court in the fifth judicial department, entered upon an order made October 2, 1894, affirming a judgment enjoining and restraining the defendant, as superintendent of public works, his agents and all persons, from placing, or causing or suffering to be placed, or to remain on dam No. 1, across the outlet of Owasco lake, flush boards or other obstructions to the free flow of the waters of the lake over the dam to exceed one and one-half feet in width at any time or season of the year when the waters of the outlet shall rise to exceed the height of one and one-half feet above the top of the upper dam as the same stood June 16–17, 1868, at the time the state appropriated the same.

The facts, so far as material, are stated in the opinion.

*John W. Hogan* for appellant. By the provisions of the Laws of 1857, chapter 524, and the action of the state officers under that act, the state of New York became the owner of the dam in question and acquired the right to maintain flush boards thereon. (Laws 1868, chap. 714, p. 1570; Laws 1871, chap. 930, p. 2137 ; Laws 1872, chap. 583, p. 1424; Laws 1874, chap. 399; *Lyon* v. *Jerome*, 15 Wend. 569 ; *Baker* v. *Johnson*, 2 Hill, 342 ; *Rexford* v. *Knight*, 11 N. Y. 308 ; *Wright* v. *Eldred*, 46 Hun, 12 ; 137 N. Y. 556 ; *Shaver* v. *Eldred*, 114 N. Y. 241 ; *Mark* v. *State*, 97 N. Y. 572 ; *Heacock* v. *State*, 105 N. Y. 246 ; *Stewart* v. *State*, 105 N. Y. 254 ; *Benedict* v. *State*, 120 N. Y. 228 ; *Waterloo W. M. Co.* v. *Shanahan*,

128 N. Y. 363.) The state being the owner of the dam and having acquired the right to maintain same at such height as should be deemed necessary for the interests of the state for canal purposes, and the right to maintain the water in the lake at such height as might be deemed necessary, for injuries alleged to be sustained by owners of lands affected the remedy was to present a claim to the tribunal provided by the state for the recovery of such damages. (*Stewart* v. *State*, 105 N. Y. 254; *Benedict* v. *State*, 120 N. Y. 228; *Marks* v. *State*, 97 N. Y. 572; Laws 1830, chap. 293; Laws 1817, chap. 262; *Bklyn. Park Comrs.* v. *Armstrong*, 45 N. Y. 234; *Clarke* v. *Blackmar*, 47 N. Y. 150; *In re Vil. of Middletown*, 82 N. Y. 196; *People ex rel.* v. *Smith*, 21 N. Y. 595; *Trans. Co.* v. *Chicago*, 99 U. S. 635.) The state having the right to maintain flush boards two feet in height upon the dam in question, no liability on the part of the defendant, who is a public officer, in maintaining flush boards at that height arises. (*Harris* v. *Thompson*, 9 Barb. 350; *Plant* v. *L. I. R. R. Co.*, 10 Barb. 26; *People* v. *N. Y. G. L. Co.*, 6 Lans. 467; *Davis* v. *Mayor*, 14 N. Y. 506; *Radcliff's Exrs.* v. *Mayor*, 4 N. Y. 196; *Brooklyn Park Comrs.* v. *Armstrong*, 45 N. Y. 245; *People ex rel.* v. *Angle*, 109 N. Y. 564; *Thompson* v. *Commissioners*, 2 Abb. Pr. 248; *Hartwell* v. *Armstrong*, 19 Barb. 166; *People* v. *Canal Board*, 55 N. Y. 390.) That the defendant individually is not liable has been recognized by the plaintiff in this action, and the former proceedings are a bar to this action. (*Rexford* v. *Knight*, 15 Barb. 627; *Demarest* v. *Darg*, 32 N. Y. 281; *Castle* v. *Noyes*, 14 N. Y. 329; *Smith* v. *Smith*, 79 N. Y. 634; *Woodhouse* v. *Duncan*, 106 N. Y. 527; *Shaver* v. *Eldred*, 114 N. Y. 242; *Bower* v. *State*, 134 N. Y. 429.) This action ought not to be maintained in any event, for it is indirectly an action against the state of New York. (*Lewis* v. *State*, 96 N. Y. 71; *People* v. *Dennison*, 84 N. Y. 272; *People ex rel.* v. *Dennison*, 28 Hun, 330; *Thompson* v. *Commissioners of the Canal Fund*, 2 Abb. Pr. 250; *Carr* v. *U. S.*, 98 U. S. 433; *Cunningham* v. *M. & B. R. R. Co.*, 109 U. S. 446; *In re Ayers*, 123 U. S. 443.)

*F. D. Wright* for respondent. It cannot be maintained that the superintendent of public works had discretion to raise such flush boards to an indefinite height, or as high as he considered necessary. On the contrary, he was limited by the fixed terms of the appropriation, so long as that remained, and in case of a new appropriation, to the reasonable height for the use provided by law. (*S. Mfg. Co.* v. *State of N. Y.*, 104 N. Y. 562; *Chenango Bridge Co.* v. *Paige*, 83 N. Y. 178; *Sipple* v. *State of N. Y.*, 99 N. Y. 284.) Public officers, as well as individuals, may be restrained or controlled by courts of equity, from doing or suffering to be done, illegal acts under claim or color of their official powers, when such acts affect individual rights, in all cases, where the plaintiff has an equitable right to the relief demanded, or any part thereof. (*Wright* v. *Shanahan*, 40 N. Y. S. R. 928; *Hall* v. *Augsbury*, 46 N. Y. 622; *Robinson* v. *Chamberlain*, 34 N. Y. 389; *Mott* v. *Penn. R. R. Co.*, 30 Penn. St. 9; *New London* v. *Brainard*, 22 Conn. 553; *Green* v. *Green*, 34 Ill. 320; *People* v. *Canal Board*, 55 N. Y. 390; *Van Bergen* v. *Van Bergen*, 2 Johns. Ch. 272; Story's Eq. Jur. §§ 920, 929; *Smith* v. *Rochester*, 92 N. Y. 473.) The complaint avers that the plaintiff has no adequate remedy at law, and the answer does not aver that the case at bar is not a case for the jurisdiction of a court of equity, or that the plaintiff has a remedy at law. And it is well settled that such defense must be pleaded, which has not been done here. (*Town of Mentz* v. *Cook*, 108 N. Y. 504; 147 N. Y. 657.)

BARTLETT, J. The Owasco lake lies three miles south of the city of Auburn, in the county of Cayuga, and is a feeder of the Erie canal. The lake is eleven miles long and the plaintiff for many years has been the owner and in possession of lands, partly cleared and partly woodland, located on an inlet at the south end of the lake, the cleared land being productive and valuable for agricultural purposes.

The Erie canal lies ten miles north of the lake and its level is three hundred feet below it. About one and a half miles

north of the lake and upon its outlet the state has maintained for many years a dam for the purpose of raising the surface of the lake and furnishing a supply of water for the canal.

It is unnecessary to go over, for the purposes of this appeal, the entire history of the legislation, beginning in 1847, which has established the present rights of the state in the waters of Owasco lake.

By Laws of 1857 (Chap. 524) the canal commissioners were authorized to appropriate to the state the dam which was then standing on the site of the present one, with the further right to increase its height, to draw water therefrom subject to certain hydraulic rights, to take such lands, water, water rights and privileges as they deemed necessary to effectuate and complete the improvement, but such appropriations were to be made in the manner provided by law.

In 1868 and prior thereto the trial court finds such proceedings were taken as to make the dam the property of the state.

It is further found that the canal commissioners maintained on the crest of the dam, flush boards of the width of eighteen inches until in or about the year 1874, when a new dam was built and flush boards were put on and used by them of the width of two feet; that until the year 1884 the flush boards were not kept up permanently, but were removed in times of freshet and high water to permit the waters of the lake to settle down even with the height of the flush boards above the crest of the dam.

The defendant, in February, 1884, was appointed superintendent of public works, and it is found that it was his official duty, at the close of navigation of the Erie canal in each year, to remove the flush boards so as to allow the waters of the lake to flow unobstructed over the dam until the freshets of the next spring should have passed and the surface of the lake settled to a point one and one-half feet above the top of the dam.

It is also found that had the defendant performed his official duty there would have been stored in the lake much more

than sufficient water for the continuous supply of the Erie canal during the season of navigation.

It is further found that the defendant wholly neglected and wrongfully refused to perform his official duty, although often requested by the plaintiff so to do, and that he permitted the flush boards to remain closed upon the dam during the years 1884, 1885, 1886, 1887 and 1888, including the time of the spring freshets and at other times when the waters were running over the top of the flush boards, thereby causing the waters of the lake to overflow the lands of the plaintiff and inflicting upon him damages to a large amount.

This action is brought to enjoin the defendant in his official capacity from maintaining the flush boards on the dam during the portion of the year when navigation upon the canal is closed and to recover of him as an individual the plaintiff's damages caused by his neglect and wrongful refusal to perform his official duty as the custodian of the dam. The judgment of the trial court enjoins and perpetually restrains the defendant as superintendent of public works of the state of New York, as prayed, with costs.

The General Term affirmed without prejudice to a motion at Special Term to conform the judgment to the decision of the trial court.

No opinion was written at General Term, and we are not advised by the record as to wherein it is claimed the judgment as entered fails to conform to the Special Term decision.

It was suggested on the argument that the plaintiff's damages were to be ascertained in a proceeding at the foot of the decree.

We can only say as the record now stands that the question of damages is not before us except as generally presented by the prayer of the complaint and the findings. The complaint prays that the defendant be adjudged to pay plaintiff's damages and the trial court found that the plaintiff had suffered damages to a large amount; that he had no adequate remedy at law, and that the acts and conduct of the defendant justified proceedings in equity, and entitled the plaintiff to the

relief demanded in the complaint. It is doubtless the settled law of the state that the negligent omission of a public officer to perform a ministerial duty, or an improper discharge thereof, renders him liable to be enjoined and to respond in damages to the injured party. (*Robinson* v. *Chamberlain*, 34 N. Y. 389; *McCarthy* v. *City of Syracuse*, 46 N. Y. 194; *Smith* v. *City of Rochester*, 92 N. Y. 473; *People* v. *Canal Board*, 55 N. Y. 390; *St. Peter* v. *Denison*, 58 N. Y. 416; *Hover* v. *Barkhoof*, 44 N. Y. 113; *Adsit* v. *Brady*, 4 Hill, 630.)

The remedy open to plaintiff to seek compensation in the usual way by proceedings in the Board of Claims was manifestly inadequate in view of the findings in this case; the fact that he did, in 1887, file a claim against the state, including a portion of the damages sustained by him herein, is no bar to this action, as it was subsequently dismissed by reason of non-appearance of the claimant.

We think the findings of the trial court are sustained by the evidence as to defendant's duty to remove the flush boards from the crest of the dam at the close of canal navigation, and also as to his having wholly neglected and wrongfully refused to perform his official duty in the premises.

The plaintiff in a number of letters running through the years 1885, 1886, 1887 and 1888, called the defendant's attention to the great damage to which he was subjected by the failure to remove the flush boards at the proper time, and requested action on the part of defendant, but was unable to secure any recognition of his rights in the premises.

The senate of the state of New York in May, 1886, under resolution, called upon defendant to explain his action in regard to the placing and management of the flush boards, and the defendant replied that he had not caused to be appointed any person to place or keep, or have the management of flush boards upon the upper dam in the Owasco outlet, nor had he directed flush boards to be placed on the dam.

This reply to the senate is practically an admission by the defendant that he had failed to perform his duties in regard to the management of the dam and flush boards.

Neither the letters of the plaintiff nor the action of the senate had any effect upon the defendant, and he continued to ignore the duties imposed upon him by law.

While, as before stated, we think the findings of the learned trial court are sustained by the evidence, we are of opinion that the judgment entered thereon does not conform to them in one very important particular.

The judgment perpetually enjoins and restrains the defendant as superintendent of public works, and his successors in office, and all other persons in his or their employ, from placing or maintaining upon the crest of the dam flush boards exceeding one and one-half feet in width at any season of the year, when the waters of the outlet shall rise to exceed the height of one and one-half feet above the top of the dam, as it stood June 16–17, 1868, at the time of its appropriation by the state. The trial court found that, after the state became the owner of the dam flush boards were maintained by the canal commissioners on its crest eighteen inches wide until the year 1874 or thereabouts, when flush boards were put on and used by them of the width of two feet.

The plaintiff now contends that the uncontradicted evidence shows that the increase in width of the flush boards was wholly unauthorized and unlawful. This contention cannot be maintained, even if plaintiff was an appellant here.

We think the action of the canal comissioners and the legislature in the premises may be regarded as an additional appropriation of the waters in the lake, under the act of 1857, and subsequent legislation to the extent of increasing the width of the flush board to two feet. The Second Division of this court so held in *Shaver* v. *Eldred* (114 N. Y. 236), and we agree with the conclusion reached in that case.

We think it was competent for the state to make this additional appropriation under the act of 1857, subject to the right of riparian owners to be compensated by the state for all damages suffered by still further raising the water in the lake.

The judgment of the Special Term should, therefore, be

modified so as to permit flush boards two feet in width, and so as to limit the height of the water of the outlet at any season of the year to two feet above the top of the dam as it stood June 16–17, 1868, when appropriated by the state.

This will not change in any way the existing policy of the state under the report of the division engineer, M. S. Kimball, adopted by the canal commissioners in 1868.

That report, in referring to the dam, stated as follows, viz.: "Instead of raising it permanently, I would recommend that the height of the water be controlled with flush boards, regulating it as occasion requires, and not keeping them at full height until after the spring freshets have passed, and the surface of the lake settled to a point one and one-half feet above its original low-water mark, which, according to report of survey in 1853, was on a level with the top of the present dam."

This suggestion is still followed by the state, subject to the additional appropriation thereafter made of six inches more of water in the perpendicular, and it was for defendant's failure to exercise this reasonable discretion as to the use of the flush boards that he has been very properly held liable in this action.

In holding, as we have, that the height of the flush boards was lawfully increased to two feet in or about the year 1874, we have not modified the rule laid down by us in *Waller* v. *State of New York* (144 N. Y. 579), as the facts in the case at bar wholly distinguish it from that case. The general rule stands that the state, in appropriating the lands or property rights of the individual, must proceed in the manner provided by law in that regard.

It follows that the judgment of the Special Term must be modified in the manner indicated, and, as so modified, it is affirmed, together with the judgment of the General Term, subject to the modification, with costs.

All concur, except O'BRIEN and HAIGHT, JJ., not sitting.

Judgment accordingly.