Otis S. Rhynders, Respondent, *v.* Frederick Stuart Greene, Appellant.

(Consolidated Appeals.)

Third Department, November 23, 1938.

*John J. Bennett, Jr., Attorney-General* [*Jacob S. Honigsbaum, Assistant Attorney-General*, of counsel], for the appellant.

*Elijah T. Russell*, for the respondent.

McNamee, J. The plaintiff complains that the defendant, as a result of the negligent performance of his duties as Superintendent of Public Works of the State while building a highway through the village of Red Hook, inflicted injury upon plaintiff's property; and that the negligence of the defendant and the injury to the property are continuing. Injunctive relief and money damages are sought.

It is the contention of the defendant that the complaint alleges a cause of action against him in his official capacity, and that any money damages suffered should be recovered, if at all, against the State, through the Court of Claims under section 12-a of the Court of Claims Act. The defendant moved to strike out the claim for damages on that ground, and the motion was denied. It may be that the State has assumed liability for defendant's alleged tort, but the statute mentioned has not relieved the defendant from his personal responsibility for wrongs committed by him. The wrongdoer, even when an agent, must respond, whether the principal may be held or not. (*Wright* v. *Shanahan*, 149 N. Y. 495, 501, 502; *Litchfield* v. *Bond*, 186 id. 66, 84, 85.) Clearly the complaint states a cause of action in equity; and in such cases the damages suffered are an incident, and the court will grant complete relief. (*Carpenter* v. *Osborn*, 102 N. Y. 552, 561; *Bracken* v. *Atlantic Trust Co.*, 167 id. 510, 517; *Hunter* v. *M. R. Co.*, 141 id. 281.) The order denying the motion to strike out the demand for money damages was properly denied.

On the motion to bring in a third party, it must be observed that, according to the allegations of the complaint, the plaintiff owned certain lowlands in the village of Red Hook, Dutchess county, which that village had drained for many years through an eight-inch pipe; the drainage was adequate; the defendant Greene negligently caused to be poured into this eight-inch drain the contents of a fifteen-inch highway drain, carrying surface water and rubbish, which resulted in clogging the eight-inch drain, and the flooding of the plaintiff's premises to his damage.

In his answer the defendant denies the negligence charged, and alleges that plaintiff's damage was caused by the village of Red Hook, and moved to bring in the village as a party defendant. The Special Term denied this motion.

The action is based and the damages claimed solely on the negligence of Greene; and because of the continuance or threatened

recurrence of this negligence, injunctive relief is sought against him. As between the plaintiff and the defendant, Greene's negligence alone is the basis of all the relief sought.

The defendant did not allege any duty or obligation owing to him from the village, nor did he allege that the village had injured him in any way. He seeks no relief as against the village. The purpose of the motion was to make possible a contest between Greene and the village of Red Hook for the benefit, if any, of the plaintiff, and to show that the village and not the defendant was liable to the plaintiff. The Special Term's decision was right when it denied the motion. If the defendant's answer be true, he is not liable; and he is not concerned with the liability of the village of Red Hook. As between them there is no contest. The contest is between the parties to this action, and that involves only the question whether the defendant negligently injured the plaintiff. Even if it were conceded that the village was jointly negligent, the plaintiff properly exercised his undoubted right in electing to sue Greene.

In addition, the denial of this motion was required by the holding in the *Fox* case. There it was said by CRANE, J. (p. 307), discussing section 193 of the Civil Practice Act, that " a joint tort feasor could not be brought in on the application of a defendant in the action unless the party to be brought in was liable over to the defendant by reason of contract or status. As the section says in so many words, the third person not then a party to the action must be liable to such party, wholly or in part, for the claim made against such party in the action. Such is not the case between joint tort feasors, unless there is liability over, * * * existing at the time of the application." And further (p. 308), Judge CRANE wrote: " A plaintiff may now sue as many defendants as he pleases whom he thinks may be liable in negligence for his damages. The Legislature has not yet given this same choice to the defendants to bring in other parties, whom they think should be liable either in place of or jointly with those whom the plaintiff has selected." (*Fox* v. *Western New York Motor Lines, Inc.*, 257 N. Y. 305, 307, 308.) In my judgment the *Fox* case disposes of the question here.

But it is urged that the *Fox* case is not controlling because this is an equity action, and for that reason subdivision 1 of section 193 of the Civil Practice Act applies to this case; whereas subdivision 2 of that section applies to common-law actions. Nothing is said in either of those subdivisions about equity actions. And in so far as we are concerned here, subdivision 1 provides only that " where a *complete determination* of the controversy *cannot be had* without

the presence of other parties the court *must* direct them to be brought in." It is self-evident that a determination of defendant's negligence, and his liability can be had in this case without the " presence " of the village; those are the issues, and those issues alone constitute the only " controversy " involved. But the defendant wishes to try another question, viz., whether the village, and not he, should be held, or whether both of them should be held for plaintiff's damages. The equity aspect of the action does not require the court to bring in the village. The plaintiff does not seek that litigation in this action, and the defendant has no right to impose it.

Both of the orders, the one denying the motion to strike out the demand for money damages, and the other denying the motion to bring in the village of Red Hook, should be affirmed, with costs.

HILL, P. J., CRAPSER and BLISS, JJ., concur; RHODES, J., concurs in the result.

Orders affirmed, with ten dollars costs and disbursements.