COLUMBIA MACHINE WORKS, INC., Appellant, *v.* LONG ISLAND
RAILROAD COMPANY et al., Respondents, et al., Defendants.

First Department, March 24, 1944.

*Clinton DeWitt Van Siclen* of counsel (*John G. Powers* with him on the brief; *Chadbourne, Hunt, Jaeckel & Brown,* attorneys), for appellant.

*Henry B. Staples* of counsel (*Louis J. Carruthers,* attorney), for respondent Long Island Railroad Company.

*Frederick Mellor* for respondent Tomasetti Construction Co., Inc.

COHN, J. This action to recover damages for injury to its real property was brought by appellant against the Long Island Railroad Company, Tomasetti Construction Co., Inc., respondents herein, and the Transit Commission of the State of New York. It is claimed that defendants were negligent in making an excavation in connection with a grade crossing elimination, known as the Atlantic Avenue Elimination Project. The Atlantic Avenue improvement was ordered pursuant to the New York City Grade Crossing Elimination Act (L. 1928, ch. 677) and the Grade Crossing Elimination Act of 1939 (L. 1939, ch. 289; see, also, State Const. art. VII, § 14, as amd. in 1938). The complaint states two causes of action: (1) for damages for failure of defendants to protect from injury the property of plaintiff in violation of section C26-385.0 of the Administrative Code of the City of New York (L. 1937, ch. 929) which provides that one who makes an excavation of more than ten feet below the curb must, at his own expense, preserve and protect from injury any structure the safety of which may be affected by such an excavation; (2) for damages caused plaintiff due to negligence of defendants in making the excavation.

Each defendant moved to dismiss the complaint under rule 107 of the Rules of Civil Practice on the ground that the court had no jurisdiction over its person or the subject matter of the action. The Special Term ruled that the work of grade crossing elimination was a State function and that the Court of Claims had exclusive jurisdiction to grant the relief to which plaintiff claimed to be entitled. It also held that as the work of respondents, who were agents, was compelled, directed and supervised by the State under its police power, the State alone was liable, particularly where, as here, liability is imposed upon the State in the first instance. From the orders granting the motions of respondents and from the judgment entered thereon this appeal is taken by appellant. No appeal was taken from the order dismissing the complaint as against the Transit Commission.

Appellant contends that Long Island Railroad Company and Tomasetti Construction Co., Inc., are liable for their own torts irrespective of whether the State is liable. It also urges that the statutes, New York City Grade Crossing Elimination Act,

and the Grade Crossing Elimination Act of 1939, upon which respondents rely, do not give the latter immunity from liability for their torts, but merely provide that for damage to property caused by such elimination the State shall be liable in the first instance and that the Court of Claims is authorized to hear such claims; that the " damage to property " referred to in the statute does not include injury to property caused by negligence but relates entirely to damage resulting from the taking of private property for public use.

We think that the contentions of appellant are well founded. The general rule is that an agent acting upon his master's business who negligently causes injury to the property of a third person is personally liable to the third person. The liability of the agent is the primary one, that of the principal is secondary. (1 Mechem on Agency [2d ed.] § 1460; Restatement, Agency, § 350.) So, too, respondents who are agents or contractors serving the State, are liable for any tort they commit just as if they were agents of a private person, or acting for themselves. In *Murtha* v. *N. Y. H. M. Col. & Flower Hospital* (228 N. Y. 183) the court in an opinion by CARDOZO, J., said (at p. 185) : " The State is not liable for the torts of its agents and contractors unless such liability has been assumed (*Smith* v. *State of N. Y.*, 227 N. Y. 405). The exemption has been extended to the civil divisions of the State, its counties, cities, towns and villages (Const. art. XII, § 1), when engaged, as the delegates of the State, in the discharge of governmental functions (*Maxmilian* v. *Mayor, etc., of N. Y.*, 62 N. Y. 160; *Hughes* v. *County of Monroe*, 147 N. Y. 49; *Wilcox* v. *City of Rochester*, 190 N. Y. 137). *But agents and contractors though unable to impose liability in such circumstances on the State or its divisions, remain liable themselves, and this whether they act in person, or by subagents or servants* (*Konner* v. *State of N. Y.*, 227 N. Y. 478)." (Italics ours.)

The State of New York has waived its sovereign immunity from liability for the torts of its officers and employees. (Court of Claims Act, § 12-a, added by L. 1929, ch. 467; now L. 1939, ch. 860, § 8.) It is now settled that even an agent of the State, such as a private charitable institution, when exercising one of the functions of government, is not immune from liability for the wrongful acts of its employees where the State is not immune. An action against such an agency for tort is maintainable in the Supreme Court. (*Bloom* v. *Jewish Board of Guardians*, 286 N. Y. 349, 353; *Holmes* v. *County of Erie*, 266 App. Div. 220, affd. 291 N. Y. 798.)

A concise statement of the rule of law is to be found in *Rhynders* v. *Greene*, 255 App. Div. 401, 402, where the court says: "It may be that the State has assumed liability for defendant's alleged tort, but the statute mentioned [Court of Claims Act] has not relieved the defendant from his personal responsibility for wrongs committed by him. The wrongdoer, even when an agent, must respond, whether the principal may be held or not. (*Wright* v. *Shanahan*, 149 N. Y. 495, 501, 502; *Litchfield* v. *Bond*, 186 id. 66, 84, 85.)"

It is contended that as the State in the first instance now pays all of the cost of the elimination of the grade crossing project (N. Y. Const. art. VII, § 14; L. 1939, ch. 289, § 4) and compels the railroad company to perform the work of elimination under the direction and supervision of the State Transit Commission (L. 1928, ch. 677, § 2, subds. 5, 6, 9), the Railroad Company and Tomasetti Construction Co., Inc., are involuntary agents of the State in the completion of the project and hence may not be burdened with liability for their tort. Though the grade crossing elimination statutes provide among other things that the Transit Commission shall determine the manner in which grade crossing eliminations are to be made and shall generally supervise the project, there is no support for respondents' argument that they had no discretion or control in the performance of the actual work. There is nothing in the statutes, or in the complaint and affidavits submitted, from which it might be inferred that respondents had been commanded to do the work in the negligent manner claimed by appellant. The case of *McGettigan* v. *N. Y. C. R. R. Co.* (268 N. Y. 66, 71) is in point. There the Public Service Commission, a State agency, had directed defendant, a railroad company, to install a signal on a highway. Though the plan of installation was approved by the Commission, the Court of Appeals nevertheless held that the railroad company was liable for personal injuries caused to a third person because of defendant's failure to maintain the signal in a condition safely visible to a casual user of the highway. The court in an opinion by LOUGHRAN, J., said (p. 71): "The problem, it may be observed again, is to settle by construction the limits of the orders of the Public Service Commission. The doctrine that what the law specially sanctions cannot itself be wrongful has been narrowly applied in this court: ' We need not discuss the cases, or consider how broadly the doctrine should be permitted to operate, since one condition or limitation has been firmly grafted upon it, which raises the final and ultimate question in the case

before us. That limitation is that the authority which will thus shelter an actual nuisance must be express, or a clear and unquestionable implication from powers conferred, should be certain and unambiguous, and such as to show that the legislature must have contemplated the doing of the very act in question.' (*Hill* v. *Mayor of City of New York,* 139 N. Y. 495, 501, 502.) (See 1 Street on The Foundation of Legal Liability, pp. 41–45.) ''

Respondents citing *Breen* v. *Mortgage Commission* (285 N. Y. 425) assert that the action in reality here being against the State, should be prosecuted in the Court of Claims and not in the Supreme Court. In the *Breen* case the Court of Appeals held that neither the Mortgage Commission nor its subsidiary could be sued in the Supreme Court in tort or on contract because the suit was against a public agent in its official status and could be maintained only in accordance with the consent of the State, that is, in the Court of Claims. However, respondents are private corporations organized for profit and engaged in carrying on private enterprises. A suit against them is not, as in the *Breen* case, a suit against the State itself. Respondents are not instrumentalities or mere agencies of the State created in the exercise of its police power for the express purpose of meeting a public emergency as was the case with the Mortgage Commission and its subsidiary. The rule enunciated in the *Breen* case has no application to the facts here.

The pertinent statute insofar as it provides that the State shall be liable in the first instance for damage to property caused by the elimination has no reference whatever to property damage caused by wrongful conduct of agents and subcontractors of the State. The statute provides: '' If the work of such elimination causes damage to property not acquired as above provided, (i. e., by purchase or condemnation) the state shall be liable therefor in the first instance, but this provision shall not be deemed to create any' liability not already existing in law. Claims for such damage may be adjusted by the transit commission * * *. If the amount of any such claim is not agreed upon, such claim may be presented to the court of claims which is hereby authorized to hear such claim * * *.'' (L. 1928, ch. 677, § 7.)

The liability referred to in this section does not embrace a claim for property damage resulting from negligence such as is alleged by appellant in the case at bar. (*Matter of Culver Contrg. Corp.* v. *Humphrey,* 268 N. Y. 26, 34, 40.) The quoted statute deals with damage to adjacent property caused

by a grade crossing elimination when such property has not been acquired or appropriated by the State through the power of eminent domain. (Cf. N. Y. Const. art. I, § 7.) The type of property damage for which the State in the first instance makes itself liable consists of such damage as necessarily results to unappropriated property from the elimination of grade crossings. Thus, recoveries may be had against the State in the Court of Claims where there has been a deprivation of easements of light and air (*Moller* v. *New York Central R. R. Co.*, 282 N. Y. 188; *Knights* v. *State of New York,* 161 Misc. 552, affd. 251 App. Div. 781; *Caldwell & Ward Brass Co.* v. *State of New York,* 161 Misc. 147, affd. 251 App. Div. 781, affd. 277 N. Y. 547; *Harrison* v. *New York Central R. R. Co.*, 255 App. Div. 183, affd. 281 N. Y. 653); and where access to the unacquired property has been completely cut off or interfered with (*Champion Oil Co., Inc.,* v. *State of New York,* 161 Misc. 143, affd. 251 App. Div. 781; *Askey & Hager, Inc.,* v. *State of New York,* 240 App. Div. 451, affd. 266 N. Y. 587). Parenthetically it should be observed that the statute (L. 1928, ch. 677) creates no new liability. Hence the State is not compelled to pay unless there was a remedy available to the injured property owner at the time the act became effective. (*Coffey* v. *State of New York,* 291 N. Y. 494; *Mirro* v. *State of New York,* 260 App. Div. 525, affd. 285 N. Y. 678.)

In *Moller* v. *New York Central R. R. Co.* (*supra*) it was held that the Supreme Court has no jurisdiction to award damages claimed by a landowner for the impairment of easements of light, air and access in an abutting public street in which an elevated structure had been erected as part of work completed pursuant to the New York City Grade Crossing Elimination Act. The court held that one whose property has been taken for public use as the result of a grade crossing elimination has a claim for compensation against the State which is enforcible only in the Court of Claims. It did not decide, as respondents suggest, that the Supreme Court is without jurisdiction to hear a landowner's claim for damages resulting from a tort committed by agents of the State engaged in eliminating a grade crossing.

We think, too, that if the applicable statutes were to confine appellant to the Court of Claims for a remedy for respondents' tort, such laws would not be constitutional. The case at bar is an ordinary common-law action, not against the State, but against contractors and agents of the State for damages resulting from negligence. There is no provision in the State Con-

stitution which limits the jurisdiction of the Supreme Court in such actions. Section 7 of article I of the Constitution deals only with cases involving the right of eminent domain. If the Legislature, by the statutes herein, intended that the Court of Claims was to have exclusive jurisdiction in tort actions brought against contractors working for the State, and that the Supreme Court was to be ousted of jurisdiction, such statutes would be invalid. (*Brewster* v. *Rogers Co.*, 169 N. Y. 73, 80.) " The Supreme Court is a court of general jurisdiction. * * * The Legislature cannot by statute deprive it of one particle of its jurisdiction, derived from the Constitution (Art. VI), although it may grant concurrent jurisdiction to some other court * * *." (*Matter of Malloy*, 278 N. Y. 429, 432.)

For the foregoing reasons, we hold that the court has jurisdiction of the person of each respondent, and of the subject matter of the action.

The orders and judgment, so far as appealed from, should be reversed, with costs, and the motions to dismiss the complaint against defendants-respondents denied, with leave to said defendants-respondents to answer within ten days after service of order on payment of said costs.

MARTIN, P. J., UNTERMYER, DORE and CALLAHAN, JJ., concur.

Orders and judgment, so far as appealed from, unanimously reversed, with costs, and motions to dismiss the complaint against defendants-respondents denied, with leave to said defendants-respondents to answer within ten days after service of order on payment of said costs.