**DAVID B. SMALL, individually and on behalf of MAVIS SMALL, a minor, Plaintiffs**

**v.**

**GOVERNMENT OF THE VIRGIN ISLANDS and HARRY BISKE, Defendants**

Civil No. 13/1983

Territorial Court of the Virgin Islands

Div. of St. Thomas and St. John

October 21, 1983

RHYS S. HODGE, ESQ., St. Thomas, V.I., *for plaintiffs*

SUSAN BRUCH, ESQ., Assistant Attorney General, Government of the Virgin Islands (Department of Law), St. Thomas, V.I., *for defendants*

MEYERS, *Judge*

## MEMORANDUM OPINION AND ORDER

## I. INTRODUCTION

This matter is before the Court on defendant Government of the Virgin Islands' motion to reconsider this Court's order of April 14, 1983, denying defendant's motion to strike paragraphs (a) and (b) of the prayer for relief in plaintiffs' complaint, pursuant to Rule 12(f), Federal Rules of Civil Procedure, and/or to modify said paragraphs to the maximum statutory limit of Twenty-Five Thousand Dollars ($25,000.00) pursuant to Virgin Islands Tort Claims Act, 33 V.I.C. § 3408, et seq.

The two essential issues raised are: (1) whether a Government employee can be sued in both his official and individual capacities simultaneously for negligent acts committed while acting within the scope of his employment, and (2) if so, whether the employee's personal liability is limited only to the extent of the Government's maximum waiver of its statutory immunity under the Virgin Islands Tort Claims Act.

The Court answers in the affirmative with respect to issue number one and in the negative with respect to issue number two. Accordingly, while the Court has granted the Government's motion for reconsideration, it shall deny the relief requested.

## II. FACTS

The plaintiffs brought the instant tort action against the Government of the Virgin Islands and its employee, Harry Biske, both in his official and individual capacities, for damages allegedly sustained in an automobile accident due to the negligence of defendant Biske. In their complaint, the plaintiffs assert that, at the time and place of the alleged accident, defendant Biske was an employee of the Government of the Virgin Islands and was acting within the scope of his employment. Plaintiffs seek compensatory damages in the sum of One Hundred Ninety Thousand Dollars ($190,000.00) limited where necessary to the Government's maximum statutory limit of Twenty-Five Thousand Dollars ($25,000.00). The Govern-

ment moved to either strike or modify the plaintiffs prayer for relief.

## III. DISCUSSION

### A. Maintaining a Simultaneous Suit

The gist of defendant Government of the Virgin Islands' argument is that the plaintiffs cannot sue defendant Biske, the Government's employee, in both his official and individual capacities simultaneously. This conclusion is premised essentially on the fact that the Government has admitted that its employee, Defendant Biske, was acting within the scope of his employment at the time of the incident out of which this case arose. Accordingly, the Government reasons, since it has consented to vicarious liability by virtue of the Virgin Islands Tort Claims Act, it and its employee are deemed to be one entity, and, therefore, a suit cannot simultaneously be maintained against the employee in his individual capacity. Furthermore, the Government seems to suggest that the only ground upon which its employee could be held individually liable is where there is an allegation that he was acting outside the scope of his employment. This Court disagrees with the Government's position.

The United States Court of Appeals for the Third Circuit, in Davis v. Knud-Hansen Memorial Hospital, 17 V.I. 623, 635 F.2d 179 (3rd Cir. 1980), has recently given us guidance in this area. In Davis, supra, the court discussed several Virgin Islands cases which held that while the Virgin Islands Tort Claims Act, in a limited fashion, waived the Government's immunity from tort actions, it, nonetheless, kept intact the individual employee's immunity from suit. The Third Circuit, basing its decision on § 2(b) of the Revised Organic Act of 1954, and finding these line of cases contradictory and unsatisfactory, rejected them. Instead, it held that, under § 2(b) of the Revised Organic Act of 1954, a Government employee is accorded immunity only when sued in his official capacity, so that the suit, in reality, is one against the Government. However, no immunity is accorded an employee who is sued in his individual capacity since the underlying public policy of protecting the public treasury is not being undermined. Id. at 185. Also see, Quetel v. Brutus, 17 V.I. 212 (Terr. Ct. 1981).

In Davis, the Government was dismissed as party due to the plaintiff's failure to comply with the procedural requirements of the Virgin Islands Tort Claims Act. However, Davis does not address the specific issue raised in the case at bar, with respect to a suit being

68

maintained against a Government employee in both his official and individual capacities simultaneously for negligent acts committed while acting within the scope of his employment.

■■ Nevertheless, it is a well-settled principle of law that:

A master and servant are each liable for injuries caused by the negligence of the servant in the course of his employment. The servant is liable because he committed the tort and the master is liable under the doctrine of respondeat superior. While they may not be joint tortfeasors in the sense that their joint acts caused an injury, a majority of the courts hold that their liability is joint and several and *each is liable to the full extent of the injuries and they may be joined in the same manner as joint tortfeasors.* (Emphasis added.)

United States v. First Sec. Bank of Utah, 208 F.2d 424, 428 (10th Cir. 1953). See 53 Am.Jur.2d, Master Servant, § 446; Restatement (Second) of Agency, § 217B(1). Moreover, it is also a well-settled principle that:

As in any case wherein liability on the part of the individual is predicable on negligence, liability of an employee to a third person is based upon the common law duty resting upon every person to use due care and proper precaution so that he does not act or use that which he controls so as to negligently injure another person. *Such liability, even though it may arise out of the performance of the duties of the employment, rests upon a breach of duty to such third persons which exists, not because of the employment, but regardless of it.* (Emphasis added.)

53 Am.Jur.2d, Master Servant, § 449.

■ Applying the foregoing principles to the facts of this case, it becomes quite evident that the mere fact that the Government has admitted its vicarious liability does not, in and of itself, absolve its employee from simultaneously being held personally liable in his official and individual capacities for his negligent acts. Such a result, as the Government seeks today, can only be obtained through express statutory provisions. See Perez v. United States, 218 F.Supp. 571 (S.D.N.Y. 1963). Upon careful examination of the Virgin Islands Tort Claims Act and its legislative history, the Court has been unable to find any language to support the Government's position.

For example, in Krebs v. Ashbrook, 275 F.Supp. 111 (D. Md. 1967), where the plaintiffs brought a federal tort claims suit simul-

69

taneously against the United States and a governmental employee in his official and individual capacities, the federal district court dismissed the complaint as to the employee because of express statutory provisions by the Congress barring suits against such employees in their individual capacities when acting within the scope of their employment. See, e.g., 28 U.S.C. § 2679(b).

■ In the case sub judice, it seems evident that had the Virgin Islands Legislature desired the result which the Government seeks, it undoubtedly could have expressly so provided. Absent such express statutory provisions, the plaintiffs may proceed with their claims against defendant Biske in both his official and individual capacities.[1] This conclusion is further substantiated by the fact that the Virgin Islands Tort Claims Act is substantially patterned after the New York Court of Claims Act, 29A Pt. 2 McKinney's Laws § 8. See, Dublin v. Virgin Islands Telephone Corp., 15 V.I. 214, 221–222 (Terr. Ct. 1978). Nowhere in the New York Court of Claims Act, is there any express statutory provision, as is contained in the Federal Tort Claims Act, 28 U.S.C. § 2679(b), expressing a legislative policy to bar suits against government employees in both their official and individual capacities for their negligent acts.

■■ Furthermore, it is a well-settled principle in this jurisdiction that where "the language of a Virgin Islands statute . . . has been taken from [that] of another jurisdiction [it] is to be construed to mean what the highest court of the jurisdiction from which it was taken had, prior to its enactment in the Virgin Islands, construed it to mean." Berkeley v. West Indies Enterprises, Inc., 10 V.I. 619, 625, 480 F.2d 1088, 1092 (3rd Cir. 1973). A review of the New York Court's decisions interpreting § 8 of the Court of Claims Act, before the adoption of a similar provision in the Virgin Islands Tort Claims Act in 1971, reveals that that section has ostensibly been construed not to preclude a claimant from pursuing his claims against a governmental employee simultaneously in both his official and individual capacities for his negligent acts. See Rhynders v. Greene, 255 App. Div. 401, 8 N.Y.S.2d 143 (1938); Columbia Mach. Works v. Long Island R. Co., 267 App. Div. 582, 47 N.Y.S.2d 383 (1944).

In Rhynders, supra, suit was brought against the superintendent of public works for negligently causing damage to the plaintiff's property. There the defendant contended "that the complaint alleges

---

[1] If the Office of the Attorney General wishes to further the position which it seeks to advance here, the appropriate forum is the Legislature, not the Court.

a cause of action against him in his official capacity, and that any money damages suffered should be recovered, if at all, against the state [only]." Id., 8 N.Y.S.2d at 144. The appellate court, in affirming the decision of the court below, stated that while "[i]t may be that the state has assumed liability for defendant's alleged tort, . . . the statute . . . *has not* relieved the defendant from his personal responsibility for wrongs committed by him. The wrong doer [sic], even when an agent, *must* respond, whether the principal may be held or not." (Emphasis added.) Id. The same is true in this case.

## B. Limit on Liability

Relying on Restatement (Second) Agency § 217B(2) for its argument that the plaintiff cannot have differing judgments against the employer and employee under a respondeat superior theory, the Government contends that its employee's liability is limited to the extent of its maximum waiver of its statutory immunity. The Government's reliance on § 217B(2) of the Restatement is misplaced. That section states that

> [i]f the action is based solely upon the tortious conduct of the agent, judgments on the merits for the agent and against the principal, or judgments of varying amounts for compensatory damages are erroneous.

Neither the federal tort claims statute nor the New York Court of Claims Act lends support to the Government's contention, since neither one contains a ceiling on the amount of any judgment to be awarded against its Government, as does the Virgin Islands statute. However, comment c to 217B(2) indicates that the thrust of that subsection is geared towards situations involving "a small judgment against the agent and a large judgment against the principal, in cases [where] . . . the fault is wholly that of the agent." Such is not the case here. The larger judgment, if any, would be against defendant Biske, not the Government.

█ Accordingly, based on the allegations pleaded in the complaint, the Government may be held vicariously liable for the negligent acts of its employee, defendant Biske, up to the extent of its waiver of statutory immunity, to wit: Twenty-Five Thousand Dollars ($25,000.00), pursuant to 33 V.I.C. § 3411. However, the Government's vicarious liability does not absolve defendant Biske from being held personally liable, in his individual capacity, for his own negligent acts should the damages awarded for the plaintiffs' injuries exceed the Government's waiver of immunity.

71

■■ Although not raised in the Government's motion, its employee, defendant Biske, cannot be accorded common law immunity since such immunity is available only for discretionary acts. Barr v. Mateo, 360 U.S. 564 (1959); Johnson v. Alldredge, 488 F.2d 280 (3rd Cir. 1973), cert. denied, 419 U.S. 882 (1974). "The acts of driving an automobile . . . does not fall within the category of discretionary [acts] . . . but is, instead, a ministerial [act] which is not subject to common law immunity." Quetel v. Brutus, supra, at 214.

## ORDER

Based on the foregoing Memorandum Opinion, it is

ORDERED that defendant Government of the Virgin Islands' motion for reconsideration is GRANTED; and it is further

ORDERED that the relief requested in the Government's motion is DENIED.

