**LISTON B. MONSANTO, Plaintiff**

v.

**GOVERNMENT OF THE VIRGIN ISLANDS, Defendant**

Civil No. 511/1984

Territorial Court of the Virgin Islands

Div. of St. Thomas and St. John

September 23, 1985

Brenda J. Hollar, Esq., St. Thomas, V.I., *for plaintiff*

Lee M. Conover, Esq., Assistant Attorney General (Department of Law), St. Thomas, V.I., *for defendant*

MEYERS, *Judge*

## MEMORANDUM OPINION

### I.

Plaintiff filed this motion for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure on the grounds that he is entitled to interest due on attorney's fees awarded by the Government Employees' Service Commission (GESC). Defendant, on the other hand, has cross-filed for summary judgment and for dismissal of the complaint on the grounds that Plaintiff is not entitled to interest. Based on the relevant statutes and case law pertaining to this issue, the Court agrees with the Defendant and finds that the Plaintiff is not entitled to interest on the award issued by the GESC.

### II.

On October 29, 1982, the GESC issued an order against the defendant Government of the Virgin Islands (Government) for attorney's fees in the amount of One Thousand Five Hundred Forty-One

Dollars ($1,541.00). This amount was paid by the Defendant to the Plaintiff on June 6, 1984. Plaintiff contends that interest is due on this amount of $1,541.00, pursuant to Title 11 V.I.C. § 951(a)(1), which states that interest is to be paid at the legal rate of 9 percent per annum on all monies due.

## III.

■ ■ It is an accepted principle of law that when claims against private individuals are created by statute, courts have broad power to award interest unless there is an unequivocal prohibition. Richerson v. Jones, 551 F.2d 918, 925 (3d Cir. 1977); Rodgers v. United States, 332 U.S. 371, 373 (1947). However, when claims against governments are involved, the rule is the opposite. Interest is not awarded against a sovereign government, "unless its consent to pay interest has been manifested by an act of its legislature, or by a lawful contract of its executive officers." United States v. Bedford, 188 F.Supp. 181 (D.N.J. 1960).

In Richerson v. Jones, supra, the plaintiff, a black engineer employed by the Philadelphia Naval Shipyard, brought an employment discrimination action against his commanding officer alleging that he had been denied advancement because of his race. Although the commanding officer was the nominal defendant against whom the action was brought, the United States was found to be the real defendant. At the District Court level, the plaintiff was awarded retroactive promotions with back pay as well as prejudgment and postjudgment interest. On appeal, the Third Circuit Court of Appeals held that the District Court erred in awarding prejudgment and postjudgment interest, stating that, "It is firmly established that 'interest on claims against the United States cannot be recovered in the absence of an express provision to the contrary in the relevant statute or contract'". Id. at 925.

■ Similarly, interest on claims against the Government of the Virgin Islands cannot be recovered in the absence of an express provision to the contrary in the relevant statute or contract. No contract exists between the Plaintiff and the Government in which the Government agreed to pay interest on attorney's fees. Likewise, there is no act passed by the Virgin Islands Legislature which manifests consent by the Government to pay interest on attorney's fees. Title 3 V.I.C. § 530(e), which grants the GESC power to award attorney's fees, is silent on the issue of interest as is Title 11 V.I.C. § 951(a)(1), which sets the legal rate of interest at 9 percent per

annum. Clearly, the Government has not expressly consented to paying interest under these circumstances, and Title 11 V.I.C. § 951(a)(1), a general statute, cannot bind the Government unless the Government is expressly mentioned in it. Yancey v. North Carolina State Highway & Public Works Com., 22 S.E.2d 256 (1942). Moreover, even in special acts such as Title 3 V.I.C. § 530(e), interest cannot be allowed against the Government unless specifically provided for. Whiteland v. United States, 9 F.2d 103 (D.C. Cal. 1925).

## IV.

Rule 56 of the Federal Rules of Civil Procedure provides that when the pleadings and admissions on file, together with the affidavits, show that there is no genuine issue of any material fact, and that the moving party is entitled to a judgment as a matter of law, the granting of summary judgment is appropriate.

## SUMMARY JUDGMENT

In accordance with the memorandum opinion of even date, it is

ORDERED that Plaintiff's motion for summary judgment be and the same is hereby DENIED; and it is further

ORDERED that Defendant's motion for cross-summary judgment be and the same is hereby GRANTED; and it is further

ORDERED that Plaintiff's complaint be and the same is hereby DISMISSED.

FURTHER ORDERED that the parties shall bear their own costs and attorney's fees.