**RAMONA DAVIS-RICHARDS, Plaintiff,**

**v.**

**GOVERNMENT OF THE VIRGIN ISLANDS, OFFICE OF
FEDERAL PROGRAMS,
LAW ENFORCEMENT PLANNING COMMISSION, GAYLORD
SPRAUVE, and ELLEN
MURRAINE, Defendants**

Civ. No. 388/1990

Territorial Court of the Virgin Islands

Div. of st. Thomas and St. John

February 13, 1996

STYLISH WILLIS, ESQ., *for Plaintiff*

DAVID B. STRAIN, ESQ., *for Defendants*

HODGE, *Presiding Judge*

## MEMORANDUM OPINION

The question presented by Plaintiff's demand for pre-judgment interest, and Defendants' opposition thereto, is whether pre-judgment interest may be awarded against the Government of the Virgin Islands (Government).[1] For the reasons stated herein, this court answers the question in the affirmative.

I

On October 1, 1980, Plaintiff was hired as an Administrative Officer, an unclassified position, in the Office of Federal Programs within the Office of the Governor. On or about November 9, 1984, after serving over two years in the position, Plaintiff elected to become a classified employee, as authorized by Act No. 4979. In response, on November 20, 1984, the Federal Programs Coordinator, Plaintiff's supervisor, suggested to the Director of Personnel

---

[1] The two individual defendants were officials of the defendant Government and were acting within the scope of their employment, as conceded by Plaintiff in her complaint. The two agency defendants are subordinate government instrumentalities which may not sue or be sued. Hence, this suit, in reality, is one against the defendant Government which may sue or be sued in contract and which represents the interests of the nominal defendants. 1954 Rev. Org. Act § 2(b), 48 U.S.C. § 1541(b); Restatement (Second) of Agency § 159 (1958); *Small v. Government of the Virgin Islands*, 20 V.I. 65 (Terr.Ct. 1983); *Creque v. Roebuck*, 16 V.I. 197 (Terr.Ct. 1979). *See also, Richerson v. Jones*, 551 F.2d 918, 925 (3d Cir. 1977).

that Plaintiff's election to classified status not be granted until a desk audit was performed to determine if she met the qualifications for the position title and salary which she held in the unclassified service. On December 3, 1984, the Director of Personnel informed the Federal Programs Coordinator that Act No. 4979 provided, that an employee only had to serve two years of temporary or unclassified employment in order to qualify as a classified employee, and that Plaintiff had met that requirement.

Despite the admonition, the Federal Programs Coordinator proceeded to make the same request of the Governor by letter dated December 7, 1984, but the Governor never responded to the letter. On March 13, 1985, Plaintiff received a letter from the Division of Personnel denying her election to become a classified employee. Plaintiff filed a timely appeal of the denial with the Government Employee's Service Commission (GESC). Nevertheless, on June 19, 1986, the Federal Programs Coordinator recommended to the Governor that Plaintiff be terminated from her position, and, at the same time, requested the Legislature to permit the reorganization of the Federal Programs Office by, *inter alia*, eliminating Plaintiff's position from the budget. In October 1986, while the appeal was pending, Plaintiff's position was eliminated from the fiscal year 1987 budget, and she was taken off the payroll. On December 19, 1986, the GESC rendered its decision concluding that Plaintiff was a victim of a pattern of invidious job discrimination, ordered that she be reinstated with full back pay and benefits, and confirmed her election of classified status.

In blatant disregard of the GESC order, the Federal Programs Coordinator refused to reinstate Plaintiff, refused to acknowledge her position as classified, and refused to pay her salary and back pay. Instead, Plaintiff was transferred to another unclassified position at the Law Enforcement Planning Commission (LEPC), and, by letter dated November 29, 1989, was discharged by the Director of the LEPC. Plaintiff therefore filed this action for Declaratory Judgment and Injunctive Relief on May 2, 1990 to

85

enforce the GESC Order of reinstatement as a classified employee with full back pay and benefits.[2]

## II

This action was bifurcated for separate determination of the issues of liability and damages. On the issue of liability, partial Judgment was rendered in favor of Plaintiff on August 16, 1993 after the court found that Defendants failed to comply with the GESC order of December 19, 1986. After the entry of the partial Judgment, Plaintiff was reinstated to a classified position, and Defendants stipulated that, after mitigation of damages, the amount of back pay owed to Plaintiff is $86,314.92. To date, however, no payment has been made to Plaintiff. On December 20, 1995, a final hearing was held on the issue of damages, and Judgment was entered in favor of Plaintiff. As explained in that Judgment of even date, this court awarded Plaintiff compensatory damages, including the stipulated back pay of $86,314.92, which is the sole subject of Plaintiff's pre-judgment interest claim. In addition, the court requested that each side submit its calculations of pre-judgment interest due, and both submissions have been received. Thus, the issue of pre-judgment interest against the Government is ripe for resolution.

## III.

### A. SOVEREIGN IMMUNITY NOT IMPLICATED

The Defendants oppose the imposition of pre-judgment interest, contending that there is no legislation authorizing such an award against the Government. In support of their contention, Defendants cite *Richerson v. Jones*, 551 F.2d 918 (3d Cir. 1977) and *Monsanto v. Government of the Virgin Islands*, 21 V.I. 567 (Terr.Ct. 1985). Both cases provide, in pertinent part, that where claims against the Government are created by statutory waiver of sovereign immunity, an award of interest as damages is proscribed unless expressly authorized by that statute. Because this court

---

[2] The statute of limitations for enforcement of an Order of the GESC is governed by Title 5 V.I.C. § 31(3). See, 9 V.I. Op. A.G. 139 (No. 1981-8).

finds that the cases cited by Defendants do not apply to the present case, in which sovereign immunity is not implicated, it rejects those contentions.

█ Congress has specifically authorized the suing of the Government of the Virgin Islands, without limitation, in cases arising out of contract. 48 U.S.C. § 1541(b). Unlike an action in tort, which requires the consent of the Virgin Islands Legislature, no such consent or authorization is required in contract actions. Thus, sovereign immunity, the basis of Defendants' opposition, is not implicated in this case. The absence of such limitation in the Organic Act establishes that the right to sue the V.I. Government for breach of contract in all its ramifications is granted to the people of the Virgin Islands by Congress, and no local law can vitiate those rights. 48 U.S.C. § 1541(b). Additionally, *Richerson* is inapposite since it is not a Territorial case, but a federal case to which the limitations of the Revised Organic Act do not apply. *Monsanto* is not controlling since it merely relies on *Richerson* and fails to address the special Territorial provision of the Revised Organic Act.

█ Moreover, by virtue of its power to regulate commerce and trade, the Government has enacted legislation authorizing the payment of pre-judgment interest of nine percent (9%) per annum on all monies which have become due. 11 V.I.C. § 951(a)(1). This provision is separate and apart from the legislation authorizing the payment of post-judgment interest of nine percent (9%) per annum. 5 V.I.C. § 426. This distinction makes it clear that pre-judgment interest is legally applied and awarded once monies have become due, and without regard to the date of Judgment. Accordingly, in this case where the salary and backpay of Plaintiff became due and payable from the date of the decision of the GESC, pre-judgment interest is properly chargeable against the Government.

### B. SOVEREIGN IMMUNITY WAIVED

█ In tort actions to which sovereign immunity applies, and for which the Virgin Islands Legislature has enacted a limited waiver of its immunity, the language chosen in subjecting the Government

87

to such limited suits, authorizes the payment of interest by the Government wherever such interest would be payable by a private person. The language used by the Virgin Islands Legislature regarding its waiver of immunity as to tort actions provides as follows:

> [T]he Government . . . hereby waives its immunity from liability and action and hereby assumes liability with respect to injury . . . *under circumstances where the Government, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred . . .*
> (Emphasis Added)

33 V.I.C. § 3408(a). This provision makes it clear that if a private person can be assessed pre-judgment interest, so can the Government. Defendants concede, in their brief, that it is generally accepted that when claims against private individuals are created by statute, courts have broad power to award pre-judgment interest unless there is an unequivocal prohibition. *Richerson, supra; See, Babcock v. Gold*, 25 V.I. 325 (D.V.I. 1990); *Stridiron v. Island Cars, Inc.*, 20 V.I. 459 (D.V.I. 1984); *See also*, Restatement (Second) of Contracts § 354 (1958). Since Virgin Islands law requires that the Government be treated as a private person in tort actions, such pre-judgment interest may also be awarded against the Government, where there is no prohibition against it.

■ Accordingly, such an authorization of pre-judgment interest where sovereign immunity has been waived in tort cases, manifests an even stronger rationale for the awarding of pre-judgment interest where, as here, sovereign immunity is not implicated in contract cases.

## C. IMPROPER WITHHOLDING OF FUNDS; EQUITY

Even where sovereign immunity applies, it does not shield the government, whether federal or local, from returning tangible benefits it receives by improperly withholding funds. *See, United States v. $277,000 in U.S. Currency*, No. 93-55448, slip op., (9th Cir. November 15, 1995). In this recent federal case of first impression, the U.S. Court of Appeals for the Ninth Circuit held that the

general rule of sovereign immunity from pre-judgment interest does not apply in circumstances where the government fails to obtain forfeiture of funds it has seized, and that the government must disgorge any tangible benefit it receives by withholding wrongly seized funds.

The case involved the seizure of the defendant's truck and approximately $277,000 in cash. The government seized the funds and placed them in a non-interest-bearing Treasury account. The court below held that the evidence supporting the government's claim to the funds should be suppressed and the funds returned to the defendant "including interest thereon as provided by law from the date of seizure." The Court of Appeals held, despite the government's claim of sovereign immunity from pre-judgment interest, that holding the wrongfully seized funds redounded to the direct benefit of the federal government in that the amount held represented an equivalent sum that the government was not required to borrow. This freedom from borrowing amounted to a tangible and calculable financial benefit from the wrongful retention of the defendant's money, which sum, the Court held, constructively earned interest that became a part of the original amount held which must be returned to the defendant.

■ In the present case, Plaintiff contends that her employer, the Government, has failed to comply with the GESC order of reinstatement and back pay since December 19, 1986. Thus, her salary and back pay have been wrongfully withheld by the Government, from which the Government receives tangible benefits, such as the use of Plaintiff's funds and the actual or constructive earning of interest on those funds. Such benefits must be returned to the damaged party, or the Government would gain by its own misconduct. Interest is nothing more than "compensation for the use of money," *Black's Law Dictionary* 179 (5th ed. 1979); thus, for the use of Plaintiff's money, the Government must pay the statutory rate of pre-judgment interest of nine percent (9%) per annum.

■■ A further reason why Defendant Government should pay pre-judgment interest is that the equities mitigate in favor of Plaintiff. By denying Plaintiff's right to be a classified employee,

89

who could not be summarily terminated, and by taking her off the payroll without just cause, Defendants willfully violated the terms of her employment and the specific provisions of Act No. 4979 which vested the rights of a classified employee in Plaintiff, once she met the minimum two year requirement. Moreover, refusal by Defendants to comply with the decision of the GESC to reinstate Plaintiff with back pay and benefits showed a blatant disrespect for the law and utter disregard for the rights of Plaintiff and the ruling of the GESC. Under the circumstances of such willful and wanton abuse of power, justice compels the payment of pre-judgment interest by the Government. *See, Troki v. Mendoza, et al,* 15 V.I. 256 (1978). In *Troki,* the court held that 11 V.I.C. § 951(a) permits such an award only where the performance due under an agreement is in money and is therefore easily ascertainable. There the court also held, citing Restatement (First) of Contracts § 337(b) (1938), that where justice requires it, and the equities weighed heavily in Plaintiff's favor, the court could exercise its discretion and award pre-judgment interest to Plaintiff, even where the amount due is not easily ascertainable. Here, Plaintiff's salary is easily ascertainable in money, and the equities are weighed quite heavily in Plaintiff's favor. Thus, this court exercises its discretion and awards pre-judgment interest to Plaintiff, payable by the Government. Equity requires no less.

## IV.

For the foregoing reasons, this court holds that pre-judgment interest may be awarded against the Government, and that the circumstances of this case justify the awarding of pre-judgment interest at the statutory rate of 9% per annum in favor of Plaintiff and against the Government in the amount of $34,968.22, as explained herein and in the Judgment of even date.