Emmett J. "Sohhepp, J.
This personal injury action was instituted against the defendant, an employee of the State of New York, for negligence in the operation of an autpmobile, owned by and operated with the consent of the State and within *125 the scope of defendant’s employment. The motion to dismiss the complaint is made upon the ground that the State of New York is the real party in interest, that it can be sued only in the Court of Claims, and consequently that Supreme Court has no jurisdiction over the subject matter.
Although the State has waived its immunity from liability under certain conditions, the personal responsibility of its employees for their own tortious acts remains unchanged. 1 ‘ The wrongdoer, even when an agent, must respond, whether the principal may be held or not.” (Rhynders v. Greene, 255 App. Div. 401, 402; see, also, Wright v. Shanahan, 149 N. Y. 495, 502; Litchfield v. Bond, 186 N. Y. 66, 84.) It is elementary that a person whose acts caused the injury will be liable for the resulting damages. (1 Warren’s N. Y. Negligence, p. 229.)
In certain actions against municipal employees, defenses available to a municipality, based upon the nontimely filing of notice or commencement of suit (General Municipal Law, §§ 50-e, 50-i), are also available to the individual employee, upon the theory that the municipality is required by statute to assume the liability for negligence and save harmless such employee from any financial loss arising out of the claim or judgment. (General Municipal Law, §§ 50, 50-b, 50-c, and 50-d; Van Tassell v. Hill, 285 App. Div. 584; Sorge v. City of New York, 56 Misc 2d 414; O’Hara v. Sears Roebuck Co., 286 App. Div. 104.)
There is no express statutory provision pointed out to the court requiring the State of New York to so indemnify its employees. There is no statutory condition precedent respecting the giving of notice of claim before suit may be maintained against any such employee in his individual capacity. The common-law right of a plaintiff to sue, without first performing some such condition precedent, may not be limited or restricted, except by a clear legislative intent to do so. (Sandak v. Tuxedo Union School Dist. No. 3,308 N. Y. 226.)
Section 388 of the Vehicle and Traffic Law, although applicable to the State of New York, is not an indemnity statute, as defendant contends. It widens liability and imputes to the owner the negligence of the one driving the vehicle. (Continental Auto Lease Corp. v. Campbell, 19 N Y 2d 350.) Since the employee here was operating the State vehicle in the course of his duties as an employee, the same result could be reached under the common-law doctrine of respondeat superior. Liability is the rule, immunity the exception.
The cases cited by the defendant, Adler Inc. v. Noyes (285 N. Y. 34) and Psaty v. Duryea (306 N. Y. 413), are clearly distinguishable. In each case, suit was brought for a rebate of *126 moneys in the hands of the State of New York. It is clear that the sole party in interest was the State of New York and not the individual employee who was sued in his official capacity. No question of common-law negligence or joint liability on the part of the individual employee was before the court. Plaintiff here is seeking no judgment against the State of New York, and the action is not brought to fix any liability on the State.
The motion to dismiss the complaint herein is denied, with $20 costs, and the defendant is directed to serve his answer upon the plaintiff’s attorney within 20 days after service upon defendant’s attorneys of a copy of the within order with notice of entry thereof.