John T. Casey, J.
One of the defendants, Joseph Cannizzaro, moves this court for the dismissal of the complaint, upon the ground that section 14 of the Public Health Law is a bar to the action, since it requires the action to be brought against him in the Court of Claims exclusively, and further requires that the plaintiffs must have obtained leave of a Supreme Court Justice as a condition precedent to instituting the action.
The statute provides, in pertinent part:
“ 1. No civil action shall be brought in any court against a physician, officer or employee of the department, in his personal capacity, for alleged damages because of the manner in which professional services were performed, any act done or failure to perform any act, while discharging his official duties, without leave of a justice of a supreme court, first had and obtained. * * *
*412 ‘ ‘ 2. Any just claim for damages against such physician, officer or employee, for which the state would be legally or equitably liable, shall be brought and maintained in the court of claims as a claim against the state.”
At the time of the accident on which the complaint is based, defendant Cannizzaro was employed by the New York State Department of Health as a Senior Narcotics Investigator. He had attended a conference, apparently sponsored by his department, and was driving a State-owned motor vehicle, en route to the Albany Airport when the accident occurred; four other employees of the Department of Health were passengers in the motor vehicle.
The plaintiffs’ action based in negligence was instituted in the Supreme Court, Albany County, against the defendantmovant and a codefendant, the operator of the other motor vehicle involved. Although the scope of section 14 and other similar sections (Mental Hygiene Law, § 44; Correction Law, § 6-b) has not yet been defined, the purpose of the section is to afford reasonable protection from unjustifiable harassment to the persons covered thereby. (Matter of Howe v. Smith, 58 Misc 2d 430.)
Apparently, the Legislature intended to protect the personnel in those sensitive areas covered by these statutes {supra) from the harassment of unjustified and baseless lawsuits brought by the persons such personnel were required to supervise, by requiring leave of a Justice of the Supreme Court as a condition precedent to instituting a suit arising out of professional services, or acts done or not done in the discharge of official duties.
The instant case is not a situation protected by the statute. The accident did not arise out of service performed by the movant in the discharge of his official duties. Indeed the accident was a mere motor vehicle accident and no different than the numerous other motor vehicle accidents involving State employees. If the Legislature desired to protect such personnel as this defendant from suits arising out of the circumstances of the instant case, it would appear necessary to offer the same blanket protection to all State employees. The Legislature has not so protected all State employees. (See Red Apple Rest. v. McMorran, 14 A D 2d 452; 55 N. Y. Jur., State of New York, § 195.) It may, therefore, be reasonably concluded that the Legislature intended section 14 to have a more limited scope.
Finally, the movant seems to contend that since he was acting within the scope of his employment when the accident occurred he was protected by section 14. I feel that section 14 applies to a more limited class of activities than those activities which *413 fall within the full scope of the employment of such an employee. Although the movant’s activities may well have been within the scope of his employment, they were not professional services or acts done while discharging his official duties within the meaning of section 14.
The movant’s reliance upon Wolfe v. Bellizzi (58 Misc 2d 773) is misplaced since that action was based upon an alleged tort in the official performance of the employee’s duty.
Accordingly, this suit against the movant does not fall within the protection of section 14 of the Public Health Law and thus the defendant’s motion is denied.