■ HOWARD CLARK et al., Respondents, v. JOSEPH CANNIZZARO, Appellant, et al., Defendant.— Appeal from an order of the Supreme Court at Special Term, entered June 15, 1970 in Albany County, which denied a motion to dismiss the complaint pursuant to CPLR 3211 (subd. [a]) on the grounds that the court has no jurisdiction of appellant and the subject matter and that the complaint failed to state a cause of action. Respondent brought an action for personal injuries and property damage in Supreme Court, Albany County, against appellant Cannizzaro and defendant Dickinson. There is no serious dispute about the facts. Appellant is a narcotics investigator employed by the State of New York and on the day in question he was operating a State-owned vehicle. Riding in the car with him were four out-of-town Department of Health employees he was taking to the Albany Airport after they had all attended a conference in Albany dealing with narcotics investigators. The State vehicle was in collision with vehicles operated by the respondent and Dickinson. It is appellant's contention that the action against him is barred by section 14 of the Public Health Law, which provides: "1. No civil action shall be brought in any court against a physician, officer or employee of the department, in his personal capacity, for alleged damages because of the manner in which professional services were performed, any act done or failure to perform any act, while discharging his official duties, without leave of a justice of a supreme court, first had and obtained. Such physician, officer or employee shall not be liable for damages in any such action if. he shall have acted in good faith, with reasonable care and upon probable cause. 2. Any just claim for damages against such physician, officer or employee, for which the state would be legally or equitably liable, shall be brought and maintained in the court of claims as a claim against the state." We believe it is apparent from an examination of this statute and its history that the Legislature desired to protect the personnel of the Health Department, because of the nature and scope of its work, from the burden of lawsuits. In the area encompassed by the Department of Health it is conceivable that lawsuits against its personnel could be numerous and often baseless. Such a burden would, of course, have an adverse effect on the efficiency of the department. The scope of that protection, however, is not, in our opinion, unlimited. Subdivision 1 specifically restricts the bar to claims for damages because of the manner in which professional services were performed, or the act done while

discharging an official duty. We conclude that the words "professional" and "official" were intended to limit the protection to acts peculiar to those performed by the personnel of the Health Department, as distinguished from routine acts which are performed by employees of all departments. The mere operation of an automobile under the present circumstances was not a professional or official act, nor was it contemplated by the Legislators to be such. The appellant's operation of an automobile on a public highway was an activity which had no connection with his professional or official duties as an employee of the Health Department. There is no conceivable reason why an employee of the Health Department should have such a singular protection. If the Legislature had intended immunity to State employees for any act within the scope of their employment, it could easily have provided therefor. Our efforts reveal no citation where this precise question has been passed upon. The case of *Wolfe* v. *Bellizzi* (58 Misc 2d 773) is inapposite. The subject matter of that litigation fell within the purview of the activities of the Health Department, and consequently, the action was barred unless permission to bring it was first obtained from a Supreme Court Justice. Such is not the situation in the instant case. Subdivision 2 must be read in conjunction with subdivision 1. It makes clear that in those cases where immunity is granted to the individual by subdivision 1 such immunity does not inure to the benefit of the State. The claim against the State, however, must be brought in the Court of Claims. Order affirmed, with costs. Herlihy, P. J., Reynolds, Staley, Jr., Sweeney and Simons, JJ., concur. [63 Misc 2d 411.]