Harold J. Hughes, J.
This is a motion by defendant to dismiss plaintiff’s complaint on the grounds that the court does not have jurisdiction of the subject of the action, the complaint fails to state facts sufficient to state a cause of action and the court does not have jurisdiction over the person of the defendant.
Plaintiff has commenced an action to recover damages for personal injuries as the result of a collision between his automobile and a vehicle operated by the defendant and owned by the State of New York. It is defendant’s contention that since the defendant was an employee of the State engaged in operating a vehicle *731 owned by the State at the time of the accident, the :Conrt of Claims has exclusive jurisdiction of plaintiff’s cause of action.
There is recent authority which allows actions against State employees based on negligence to be brought in the Supreme Court (Clark v. Cannizzarro, 37 A D 2d 634; Passamonte v. Pettit, 61 Misc 2d 124). Defendant argues that these cases are no longer viable because of the enactment of section 17 of the Public Officers Law, effective July 2,1971. That statute states the conditions under which officers and employees may be indemnified from financial loss arising out of claims, suits or judgments by reason of alleged negligence when the employees were acting within the scope of their employment when the damages were sustained.
This section does not abrogate plaintiff’s right to sue a State employee for negligence in the Supreme Court. Subdivision 4 of the section provides: ‘ ‘ The benefits of this section shall inure only to officers and employees of the state and shall not enlarge or diminish the rights of any other party.”
If the Legislature had intended that claims for negligence against State employees be brought exclusively in the Court of Claims, it could easily have provided therefor.
The motion of the defendant to dismiss plaintiff’s complaint is denied, without costs.