■ RALPH DE LIA, Respondent, v. SUE A. FORTE et al., Appellants, et al., Defendant.— In a negligence action to recover damages for personal injuries, defendants Sue Ann Forte and Thomas Noonan appeal from an interlocutory judgment of the Supreme Court, Queens County, entered February 25, 1974, in favor of plaintiff against said defendants on the issue of liability, upon a jury verdict against Noonan and upon the trial court's direction of a verdict against Forte. Judgment reversed, in the interests of justice, and a single new trial, to determine both liability and damages, granted, with costs to abide the event. The instant action was tried before a jury, on the issue of liability only, on January 9 and 10, 1974. The trial court's charge to the jury included the rule of Gochee v. Wagner (257 N. Y. 344), to wit, that negligence of the operator of the vehicle in which the owner is a passenger will be imputed to the owner to preclude recovery by the latter against the owner and the operator of the second vehicle. Here, defendant Forte was operating the vehicle which was owned by plaintiff, who was a passenger in it, and defendant Thomas Noonan was the owner of the second vehicle. The court also charged that on defendant Forte's own testimony she had looked and not seen what was there to be seen and was, therefore, guilty of contributory negligence as a matter of law. The jury disregarded that instruction and returned a verdict in favor of plaintiff against defendant Thomas Noonan only. Thereupon, Thomas Noonan moved for a directed verdict against Forte. The motion was granted and Thomas Noonan was relieved of liability by reason of the Gochee rule. Judgment was directed in favor of plaintiff against Forte. On January 23, 1974, however, the trial court determined that the holding in Kalechman v. Drew Auto Rental (33 N Y 2d 397) overruled the holding in Gochee and required a different result, viz., that Forte's negligence would no longer be imputed to plaintiff and plaintiff

could recover against Thomas Noonan. Accordingly, judgment was entered against both Forte and Thomas Noonan. We believe that the interests of justice require a new trial so that a jury may factually determine the issues of liability and damages, in a single trial, under the law as recently enunciated in *Kalechman* v. *Drew Auto Rental* (*supra*). Gulotta, P. J., Hopkins, Shapiro, Christ and Munder, JJ., concur.