MARY DE VIVO, Respondent, v RALPH GROSJEAN, Appellant.

Third Department, May 29, 1975

*Medwin & McMahon (John K. Powers* of counsel), for appellant.

Parisi, De Lorenzo, Gordon & Pasquariello (Thomas E. De Lorenzo of counsel), for respondent.

SWEENEY, J. This is an appeal from an order of the Supreme Court at Special Term, entered November 8, 1974 in Schenectady County, which denied defendant's motion to dismiss the complaint pursuant to CPLR 3211 on the grounds that the court has no jurisdiction of the subject of the action, the complaint fails to state a cause of action and the court does not have jurisdiction over the person of defendant.

Plaintiff commenced an action against defendant for personal injuries and property damage in Supreme Court, Schenectady County. She alleges in her complaint that, on February 28, 1973, defendant was the operator of a certain automobile owned by the State of New York and that, due to his negligent operation thereof, it was caused to strike the rear of the automobile being operated by plaintiff, resulting in personal injuries and property damage. In support of his motion to dismiss, defendant submits an affidavit in which he states that he was operating said automobile while in the performance of his duties as an employee of the State University Construction Fund. Defendant, relying chiefly on section 17 of the Public Officers Law, contends that the State is the real party in interest and, consequently, exclusive jurisdiction is vested in the Court of Claims. Special Term rejected defendant's contentions and denied the motion.

Prior to the enactment of section 17, we held that there was no immunity from suit in Supreme Court for the operator of a State-owned vehicle involved in an accident. (Clark v Cannizzaro, 37 AD2d 634.) A resolution of the instant controversy, therefore, requires a determination as to whether the enactment of section 17 of the Public Officers Law rendered Clark no longer viable. This necessitates an analysis of the statute to ascertain the intent of the Legislature. Section 17 reads as follows:

"1. The state shall save harmless and indemnify all officers and employees of the state from financial loss arising out of any claim, demand, suit or judgment by reason of alleged negligence or other act by such officer or employee provided that such officer or employee at the time damages were sustained was acting in the discharge of his duties and within the scope of his employment and that such damages did not result from the willful and wrongful act or gross negligence of such officer or employee and provided further that such officer

or employee shall, within five days of the time he is served with any summons, complaint, process, notice, demand or pleading, deliver the original or a copy thereof to the attorney general.

"2. Upon such delivery the attorney general may assume control of the representation of such officer or employee. Such officer or employee shall cooperate fully with the attorney general's defense.

"3. This section shall not in any way impair, limit or modify the rights and obligations of any insurer under any policy of insurance.

"4. The benefits of this section shall inure only to officers and employees of the state and shall not enlarge or diminish the rights of any other party."

In our view, this statute provides protection to an officer and employee of the State against financial loss due to his negligence while acting in the discharge of his duties. We are unable to conclude from a reading of section 17 in its entirety that a cause of action no longer exists in Supreme Court against the operator State employee, but only against the State, with exclusive jurisdiction in the Court of Claims. (Sutton v Coulter, 78 Misc 2d 730.) Our conclusion is bolstered by the particular language of subdivision 4.

The interpretation of the statute asserted by defendant would not only deprive plaintiff of a cause of action against the operator but, in addition, would deprive him of a jury trial. We do not believe that it should be so construed. To have intended the result urged by the defendant, explicit provision should have been made therefor. The deliberate inclusion by the legislators in this new statute that its benefits shall inure only to State officers and employees and not "diminish the rights of any other party" further confirms their intention to leave undisturbed plaintiff's right to sue such operator in Supreme Court. In our opinion, the Legislature, by enacting section 17 of the Public Officers Law, has merely created a cause of action on behalf of an employee or officer against the State for indemnification for financial loss incurred as a result of his negligence while acting in the scope of his employment.

The order should be affirmed, with costs.

Greenblott, J, P., Kane, Main and Larkin, JJ., concur.

Order affirmed with costs.