Roy Olmstead et al., Respondents, v Richard A. Britton, Individually and Doing Business as Brokenstraw Fruit and Produce Company, et al., Respondents; Carl R. Holt, Appellant.

Fourth Department, July 10, 1975

*Wilkin, Good, Lopat & Beyer (Lawrence H. Wagner* of counsel), for appellant.

*Wright & Wright (Mark J. Hampton* of counsel), for Roy Olmstead and another, respondents.

*Cox, Barrell & Walsh (Gerald Grace, Jr.,* of counsel), for Richard A. Britton and another, respondents.

WITMER, J. Defendant-appellant, Carl R. Holt, seeks reversal of the order of Special Term which denied his motion for judgment dismissing the summons and complaint herein as against him on the ground that the Supreme Court has no jurisdiction of the subject matter or over the person of the movant.

The action is to recover damages for personal injuries suffered by plaintiff, Roy Olmstead (also derivative damages suffered by plaintiff Edith M. Olmstead), on September 1, 1972 when a truck owned by Richard A. Britton and operated with his permission by defendant Dean O. Britton struck plaintiff Roy Olmstead in a parking area at the side of Main Street in the Village. of Cassadaga in Chautauqua County. Plaintiff alleges that defendant Holt was then a New York State trooper operating a State Police vehicle in the course of his employment and that he negligently turned his vehicle in front of the Britton truck which was approaching from the opposite direction, and by reason thereof defendant Dean O. Britton negligently drove the truck off Main Street and into the parking area and struck plaintiff. Defendants Britton have cross-claimed against Holt, alleging that he was wholly responsible for the accident and that if plaintiffs recover judgment against them, they should have judgment therefor against Holt.

On the same day that the summons and complaint were issued and served upon the above-named defendants, plaintiffs also verified and served a notice of claim for the same damages against the State of New York as the employer of defendant Holt, by virtue of section 17 of the Public Officers Law. That law provides, in subdivision 1, that the State "shall save harmless and indemnify all officers and employees of the state from financial loss arising out of any claim * * * or judgment by reason of alleged negligence or other act by such officer or employee provided that such officer or employee at the time damages were sustained was acting in the discharge of his duties and within the scope of his employment and

\* \* \* did not result from the willful or wrongful act or gross negligence of such officer or employee". Subdivision 2 of the statute provides that "the attorney general *may* assume control of the representation of such officer or employee". Subdivision 4 of the section provides that *"The benefits of this section* shall inure only to officers and employees of the state and *shall not enlarge or diminish the rights of any other party"* (emphasis added).

Defendant Holt's motion to dismiss the complaint for want of jurisdiction is founded on the above-quoted statute, he asserting (1) that since plaintiffs have filed a claim for their damages against the State, the Court of Claims has prior and exclusive jurisdiction and (2) in any event, by virtue of the statute the State is the real party in interest, and plaintiffs may only prosecute their claims against it in the Court of Claims, citing *Psaty v Duryea* (306 NY 413); *Breen v Mortgage Comm.* (285 NY 425) and *Adler, Inc. v Noyes* (285 NY 34).

There is no doubt, as the above cases hold, that if the action is essentially one against the State, exclusive jurisdiction lies in the Court of Claims (see, also, *Tomasetti Constr. Co. v Long Is. R.R. Co.,* 294 NY 501). Upon the assumption by the State of some degree of control or responsibility over an activity, it lies with the Legislature to determine the nature and extent thereof and whether actions arising therefrom must be brought in the Court of Claims *(Easley v New York State Thruway Auth.,* 1 NY2d 374; *Belscher v New York State Teachers' Retirement System,* 45 AD2d 206, 208). The question presented to us, therefore, is the intent of the Legislature when it enacted section 17 of the Public Officers Law.

In the absence of legislation the State has no responsibility for the acts of its officers and employees in the exercise of governmental functions (see 55 NY Jur, State of New York, §§ 190–198; Court of Claims Act, § 8; 1 NY PJI 511–513). By section 50-b of the General Municipal Law, the Legislature provided that "Every county, city, town, village and other subdivision of government \* \* \* shall be liable and shall assume the liability for the negligence of, and shall save harmless, a person duly appointed by" it and acting in the performance of his duties. Similar language was employed in section 50-c of the General Municipal Law with respect to the liability of municipalities for the acts of their policemen and firemen in the line of duty. Such municipalities, of course, are within the jurisdiction of the Supreme Court, and the issues in

such claims are subject to trial by jury. When the Legislature enacted section 17 of the Public Officers Law it was careful not to employ the language used in sections 50-b and 50-c of the General Municipal Law, wherein the municipality assumed the liability of the employees. Instead, it provided only that the State would save the employee harmless and indemnify him, that it "may assume control of" the defense of the action, and that the statute "shall not enlarge or diminish the rights of any other party".

Prior to the enactment of that statute State employees were subject to suit in the Supreme Court for their negligent acts in the course of their employment. The employee's liability was primary and that of the State was secondary *(Columbia Mach. Works v Long Is. R.R. Co.,* 267 App Div 582, 585–586; and see *Clark v Cannizzaro,* 37 AD2d 634; *Passamonte v Pettit,* 61 Misc 2d 124; *Bernhard v Faulds,* 47 Misc 2d 286). Subdivision 4 of section 17 of Public Officers Law expressly preserves the pre-existing status of the law with respect to actions against State employees. It is clear from the statute that the Legislature did not intend to have the State assume direct liability for the employee's acts, and the statute was designed to change only the right of the employee, i.e., to be indemnified by the State *(De Vivo v Grosjean,* 48 AD2d 158; *Sutton v Coulter,* 78 Misc 2d 730).

It should also be noted that under defendant Holt's contention, he could not be sued at all for his negligent conduct, for plaintiffs are not permitted to sue him in the Court of Claims.

We conclude, therefore, that the State of New York is not primarily responsible with respect to the plaintiffs' claims, and that Special Term properly denied the motion to dismiss the complaint.

MOULE, J. P., CARDAMONE, SIMONS and GOLDMAN, JJ., concur.

Order unanimously affirmed with costs.