■ FRANKLIN SMALLEY, Appellant, v ASSOCIATED TRANSPORT, INC., et al., Respondents.—Appeal from a judgment of the Supreme Court, entered June 18, 1973 in Schuyler County, upon a verdict of no cause of action rendered at a Trial Term in favor of defendants. Plaintiff passenger was injured when the automobile owned by him and driven by his employee collided with a truck owned by defendant Associated Transport, Inc., and driven by defendant Thomas M. King. The trial court, *inter alia,* correctly charged the jury in accordance with the rule of *Gochee v Wagner* (257 NY 344) that when the passenger is also the owner of the vehicle, the contributory negligence of the operator is to be imputed to the owner. The plaintiff excepted to that portion of the charge. Subsequent to the entry of judgment, the Court of Appeals in the case of *Kalechman v Drew Auto Rental* (33 NY2d 397, 405) overruled the *Gochee* case and held: "We have therefore concluded that *Gochee v Wagner* should be overruled, and that the general rule should be applied without exception by allowing the plaintiff passenger to recover for negligent operation of the vehicle—no matter what his relationship to the driver may be—unless it is shown that his own personal negligence contributed to the injury." The *Kalechman* case has been applied to cases on appeal *(Brass v Public Serv. Drive-Ur-Self Systems,* 47 AD2d 833; *De Lia v Forte,* 46 AD2d 671) and it is well established that the courts give effect to the law as it exists at the time of decision. (See *Kelly v Long Is. Light. Co.,* 31 NY2d 25, 29.) The defendants' contention that the master-servant relationship is an exception to the *Kalechman* rule is without merit. Upon the present record it cannot be determined that the jury found no negligence on the part of the defendants and, accordingly, a new trial must be had. Judgment reversed, on the law, and a new trial ordered, with costs to abide the event. Greenblott, J. P., Kane, Mahoney, Main and Herlihy, JJ., concur.