OPINION OF THE COURT
Gloria Goldstein, J.
This automobile negligence action for property damage resulting from a two-car collision presents an old issue which must be reconsidered in light of Kalechman v Drew Auto Rental (33 NY2d 397) and its progeny. Is the negligence of an employee-operator, while driving within the scope of his em *796 ployment, imputed to his employer-owner in the employer-owner’s action for property damage?
In a trial by the court in which the plaintiff appeared pro se the following facts were determined: Paul Bibergal is the son and employee of the plaintiff. He is not a party to this suit. Paul was driving the plaintiff’s taxi in the course of his employment when it collided with the defendant’s car. The accident was found to have been two thirds attributable to the negligence of Paul and one third attributable to the negligence of the defendant. The plaintiff was not present at the time of the collision. His damages were established to be $1,541.92.
The question that now confronts this court is whether the employee’s negligence should be imputed to his employer so as to diminish the employer’s recovery proportionately. "At the outset, it should be noted that there is a distinction between imputed negligence and imputed contributory negligence. The effect of imputed negligence is to widen liability; the effect of imputed contributory negligence, to narrow it.” (Continental Auto Lease Corp. v Campbell, 19 NY2d 350, 352.) Before the Kalechman case there were two theories under which contributory negligence could be imputed to the owner or custodian of a vehicle. One applied when the owner or custodian was present in the vehicle at the time of the accident and the other applied when there existed a respondeat superior relationship between the owner and operator. Basically, the law was that the driver’s negligence was imputed to an ordinary owner who was present (see Gochee v Wagner, 257 NY 344), not imputed to an ordinary owner who was absent (see Mills v Gabriel, 284 NY 755), and imputed to an employer-owner whether he was present or not when the vehicle had been operated within the scope of the employment (see Evans v Zimmer, 31 Misc 2d 661). The Kalechman decision expressly overruled Gochee v Wagner (supra) and thus rejected the theory that an ordinary owner is responsible simply because he is present; but the decision was not limited to the Grochee situation.
The Kalechman court strongly repudiated the doctrine of imputed contributory negligence and the reasoning of its decision also encompasses the respondeat superior theory under which the employee’s contributory negligence is imputed to his employer. This theory is based on the master’s right to control his servant and on the view of imputed *797 contributory negligence as simply the reverse of respondeat superior. However, the Kalechman court recognized that "control” over an automobile driver is only a legal fiction and that imputed contributory negligence only frustrates the purpose of the vicarious liability doctrine.
With respect to "control” the Court of Appeals noted that "with the advent of the modern automobile there is no longer any basis for assuming that the passenger, no matter what his relationship to the driver may be, has the capacity to assert control over or direct the operation of a moving automobile.” (Kalechman v Drew Auto Rental, 33 NY2d 397, 402, supra; emphasis added.) An employer is no more able to assert control over his driver than is a parent or any other car owner. They can all warn, admonish, even threaten their drivers, but they cannot control them. Mere theoretical control is an unrealistic fiction which cannot support the imputation of liability to an innocent employer.
Respondeat superior is the Latin name for the principle of vicarious liability of a master. (See Prosser, Torts [4th ed], p 458.) Its purpose is to protect an injured party by broadening the liability for the act which caused the injury so as to include a financially responsible defendant. Imputed contributory negligence is not simply the reverse of respondeat superior. As the Court of Appeals noted in Kalechman: "A more telling criticism of the doctrine of imputed or vicarious contributory negligence is that it is an illegitimate offspring of the vicarious liability concept, which only serves' to frustrate the broad policy goals of the parent rule. * * * To treat it as a natural compliment to vicarious liability leads to a paradox for 'a rule which departed from the common law in response to an urge towards wider liability is being used to curtail liability by expanding the scope of a defense to it.’ ” (Kalechman, supra, pp 403-404, citing 2 Harper and James, Torts, p 1274.)
The Kalechman court also declared that the doctrine of imputed contributory negligence would still be indefensible even if the "both-ways test” were met; that is, even if the plaintiff would be liable for the operator’s negligence (as is true in the instant action) had the plaintiff been a defendant. (See Kalechman, supra, p 404.) That court held "that the general rule should be applied without exception by allowing the plaintiff passenger to recover for negligent operation of the vehicle — no matter what his relationship to the driver *798 may be — unless it is shown that his own personal negligence contributed to the injury” (Kalechman, supra, p 405; emphasis added). The employer-employee relationship is not an exception to the Kalechman rule. (See Smalley v Associated Transp., 52 AD2d 979; see, also, Hedge v Sachs, 50 AD2d 855.)
 This court finds no tenable justification to retain imputed contributory negligence for the master-servant relationship. An employer does not have any greater control over his driver because of their relationship. Imputed contributory negligence does not further the purpose of the vicarious liability doctrine. It violates the public policy that one injured through negligence should have recourse to a financially responsible defendant. (See Kalechman, supra, p 404.) The fact that the plaintiff benefited financially from the use of his taxi is not a sufficient ground for imputing his employee’s negligence to him. (See Continental Auto Lease Corp., supra, p 353.) Although it might be possible to distinguish the Kalechman case because it involved a passenger or personal injuries, this court feels that neither distinction is warranted. Since the relationship between the plaintiff and the operator does not matter, surely it does not make a difference that the plaintiff’s decedent in Kalechman was a passenger. If one present at the time of the accident is not responsible unless otherwise negligent, a fortiori, one who is not present is not responsible unless otherwise negligent. This court is aware that a few courts in other jurisdictions have distinguished between personal injury and property damage in actions brought by employers. (See Weckerly v Abear, — Minn —, 256 NW2d 79; cf. Weber v Stokely-Van Camp, 274 Minn 482; see, also, Nagele-Kelly Mfg. Co. v Hannak, 13 Mich App 427.) Apparently, some of these courts will impute contributory negligence to an employer in his action for property damage but not impute it in his action for personal injuries — perhaps even if they both arise out of the very same negligent act. This court feels that this artificial distinction is only a continuation of a legal fiction and that it should not be adopted in New York. There is no acceptable reason for the distinction. The fact that an employer is ordinarily engaged in a profit-making venture is insufficient. (Contra Michigan Transp. Co. v Good, 16 Mich App 226; but see Continental Auto Lease Corp. v Campbell, 19 NY2d 350, supra.) The distinction has been based on a presumption that an owner of a business can insure himself for property damage. (See Nagele-Kelly Mfg. *799 Co., supra.) Yet anyone who can afford collision insurance can get it, and many small businessmen are less able to afford collision insurance than many ordinary owners. A rule of law should not be based on so flimsy a proposition. The type of damages that result from negligence should not make a difference. If we reject the doctrine of imputed contributory negligence, we reject the idea that an otherwise innocent plaintiff owner is responsible for the negligence of his driver over whom the plaintiff owner did not have actual control. The fact that the negligence results in personal injuries in one case and property damage in another is unimportant. It is the imputation that is rejected. This court therefore rules that the negligence of an employee is not imputed to an innocent plaintiff employer so as to diminish his recovery.
This court recognizes that much of the criticism of imputed contributory negligence arose before the advent of comparative negligence, when contributory negligence was a complete bar to recovery. Indeed Kalechman was decided before New York adopted comparative negligence. Nevertheless, comparative negligence does not dictate a different ruling as plaintiff is not guilty of any malfeasance, misfeasance, or nonfeasance. Moreover, this court is bound by legislative intent. In its 1975 report to the Legislature, the Judicial Conference, referring to comparative negligence, stated: "However, this article is not intended to create vicarious liability or to expand the doctrine of imputed contributory negligence, and should be interpreted in harmony with recent decisional law which severely restricts, if it does not entirely eliminate, the doctrine of imputed or vicarious contributory negligence. Kalechman v. Drew Auto Rental, Inc., 33 N.Y.2d 397 (1973).” (Twenty-First Ann Report of NY Judicial Conference, 1976, p 242; see, also, Avis Rent-a-Car System v Johnson, 90 Misc 2d 263.)
An owner should be held accountable only for his own actual negligence in his action for either personal injuries or property damage as a result of a motor vehicle accident. Judgment is rendered for the plaintiff against the defendant for the full amount of $1,541.92.