STATE OF NEW YORK, Appellant, v ROBERT C. POPRICKI,
Defendant and Third-Party Plaintiff-Respondent.
JAMES D. PIATT, Third-Party Defendant-Appellant.

Third Department, November 10, 1982

APPEARANCES OF COUNSEL

*Robert Abrams, Attorney-General* (*Michael S. Buskus*
and *Jeremiah Jochnowitz* of counsel), for appellant and
third-party defendant-appellant.

*Hesson, Ford, Sherwood & Whalen* (*Donald P. Ford, Jr.,*
of counsel), for defendant and third-party plaintiff-respon-
dent.

OPINION OF THE COURT

WEISS, J.

On April 27, 1979, an automobile accident occurred
involving a State-owned vehicle operated by James Piatt
and an automobile owned and operated by Robert Popricki.
It is conceded that Piatt was a State employee acting
within the scope of his employment. In the main action, the
State sued Popricki for property damage, contending that
the accident resulted from his negligence. In his answer,

Popricki interposed as an affirmative defense that the accident resulted from the negligence of the State or "some other person". Popricki then commenced a third-party action against Piatt, seeking judgment for contribution in the event the State was successful in the main action. After joinder of issue, third-party defendant Piatt moved pursuant to CPLR 3212 to dismiss the third-party complaint.

Special Term denied the motion for summary judgment, summarizing the third-party defendant's arguments for dismissal as follows: "(1) under section 388 of the Vehicle and Traffic Law the negligence of Piatt will be imputed to the plaintiff and any recovery by plaintiff will be reduced in proportion to Piatt's negligence and, thus, there is no need for a third-party action; (2) under the principle of *respondeat superior,* the negligence of Piatt will be imputed to the plaintiff and since the plaintiff's recovery will be reduced by any negligence attributable to Piatt, there is no basis for the third-party action; and (3) since the State must indemnify Piatt pursuant to section 17 of the Public Officers Law, the third-party complaint is a direct action against the State which must be pursued in the Court of Claims." Special Term rejected each of these arguments, citing *Ferrigan v United Traction Co.* (36 AD2d 667) to discount argument (1), *Smalley v Associated Transp.* (52 AD2d 979) to discount argument (2), and *Olmstead v Britton* (48 AD2d 536) as refuting argument (3). This appeal ensued.

The issue on this appeal is whether Special Term properly denied the third-party defendant's motion for summary judgment. Although we agree that Special Term correctly rejected the arguments advanced by Piatt for dismissal of the third-party complaint, we conclude, nonetheless, that the third-party complaint should have been dismissed for other reasons. We recognize that section 17 of the Public Officers Law merely indemnifies State employees for their tortious conduct and does not by its terms preclude a third-party action against a State employee in Supreme Court (*Olmstead v Britton, supra; De Vivo v Grosjean,* 48 AD2d 158, 160). Moreover, the negligence of an operator of a vehicle will not be imputed to a passenger-owner plaintiff even though a master-servant relationship

exists between the two (see *Kalechman v Drew Auto Rental,* 33 NY2d 397; *Smalley v Associated Transp., supra; Bibergal v McCormick,* 101 Misc 2d 794). Nor may the negligence of an operator be imputed to a vehicle owner under section 388 of the Vehicle and Traffic Law in an action by the owner to recover for damages to the vehicle (see *Continental Auto Lease Corp. v Campbell,* 19 NY2d 350; *Ferrigan v United Traction Co., supra).* These cases repudiated the doctrine of imputed contributory negligence, particularly where the passenger-owner sued for damages, because the doctrine relies on the implausible fiction that the owner has control over the operator's conduct. In our view, no tenable justification exists to retain imputed contributory negligence in either the principal-agent or master-servant relationship *(Bibergal v McCormick, supra).* We agree that theoretical control fails to justify the imputation of liability to an innocent employer.

The instant case, however, is factually distinguishable and requires consideration of CPLR 1007, which, although not raised at Special Term, should be applied by this court. Here, the State is not a passenger-owner, nor is this an instance of imputed contributory negligence. The instant impleader action must be dismissed not because of any imputed negligence, but because the cause of action does not satisfy the requirements of CPLR 1007. That section permits third-party complaints against a person not a party "who is or may be liable" to the defendant (see *Cohen Agency v Perlman Agency,* 51 NY2d 358, 365). Our query must be whether there is any basis of recovery against Piatt as a third-party defendant. In this respect, the State's responsibility for the negligent acts of its employees becomes determinative. The general rule of agency is that a principal is liable for the tortious acts of his agent committed within the scope of employment (see 3 NY Jur 2d, Agency, § 254, p 76). The Court of Claims Act not only waived the State's immunity from liability, but also made applicable the rule of *respondeat superior* to all employees of the State (Court of Claims Act, § 8; *Becker v City of New York,* 2 NY2d 226; 55 NY Jur, State of New York, § 201, p 734). The State is clearly liable for the negligent operation

of State-owned vehicles (see 55 NY Jur, State of New York, § 205, p 739). Under the doctrine of *respondeat superior,* the State will be liable for the negligence of an employee committed while the employee is acting within the scope of his employment (see *Lundberg v State of New York,* 25 NY2d 467, 470). As noted, there is no question that the accident occurred within the scope of Piatt's employment. Thus, any reduction of the State's potential recovery results not from an imputation of negligence but from the culpable conduct properly attributable to the State or its employee, acting as an agent of the State. In other words, liability is not premised on the fiction of owner control underlying imputed contributory negligence, but upon the State's assumed obligation for the negligence of its employee.

The question arises whether the impleader action will serve any purpose aside from duplicating the main action. Since the parties concede that Piatt was acting within the scope of his employment, it is clear that the State will be liable for any negligence attributable to Piatt and must indemnify him for losses occasioned by such negligent conduct (Public Officers Law, § 17). There is no conceivable basis, then, upon which the third-party defendant can be held responsible by way of contribution to the third-party plaintiff (cf. *BRC Elec. Corp. v Cripps,* 67 AD2d 899, 900). In essence, the State truly is the real party in interest here. Consequently, the third-party complaint should be dismissed because impleader actions do not lie against one whose liability has been precluded.

The court's decision in *De Vivo v Grosjean* (48 AD2d 158, *supra)* does not require a different result. In *De Vivo,* plaintiff had commenced an action for personal injuries and property damage in Supreme Court. She alleged that defendant, a State employee, was the operator of a State vehicle, which, due to his negligence, struck her automobile causing the injuries complained of. Defendant moved to dismiss, relying chiefly on section 17 of the Public Officers Law to assert that the State was the real party in interest and that exclusive jurisdiction was vested in the Court of Claims. This court rejected the assertion that section 17 precludes a cause of action in Supreme Court

against an operator who is a State employee. Bolstering this conclusion was the language of subdivision 5 of that section which reads in pertinent part "[t]he benefits of this section * * * shall not enlarge or diminish the rights of any other party". In this respect, the court pointedly noted that the "interpretation of the statute asserted by defendant would not only deprive plaintiff of a cause of action against the operator but, in addition, would deprive him of a jury trial" (*supra,* at p 160). Here, the dismissal of the third-party complaint would not diminish Popricki's rights in any respect. Since the main action was commenced in Supreme Court, defendant's right to a jury trial remains intact. Nor has Popricki been deprived of his rights to contribution anticipated in the third-party action. In his answer, Popricki specifically asserted as an affirmative defense that the accident resulted from negligence of the State or "some other person", i.e., the State's agent. By so doing, Popricki raised the issue of contribution in the main action. Thus, unlike *De Vivo v Grosjean* (48 AD2d 158, *supra*), dismissal of the third-party claim would not impair defendant's right to either contribution or a jury trial. Under these circumstances, there is no need for a separate third-party claim which, in effect, would serve only to further complicate the proceedings and create a needless duplicity of pleadings. Accordingly, the order of Special Term should be reversed and the third-party complaint dismissed.

The order should be reversed, on the law, with costs, and the motion to dismiss third-party complaint granted.

MAHONEY, P. J., SWEENEY, MAIN and CASEY, JJ., concur.

Order reversed, on the law, with costs, and motion to dismiss third-party complaint granted.