■ ETHELANNE MOXON, Plaintiff, v DELIA BARBOUR, Defendant and Third-Party Plaintiff-Respondent. MADELINE FERRARO, Third-Party Defendant-Appellant. — In an action to recover damages for personal injuries, the third-party defendant appeals from an order of the Supreme Court, Suffolk County (Molloy, J.), dated April 26, 1984, which denied her motion for summary judgment dismissing the third-party complaint.

Order reversed, on the law, with costs, motion granted, and third-party complaint dismissed.

The plaintiff borrowed a car belonging to the third-party defendant and while driving the car became involved in an accident with the defendant Barbour. The complaint served by the plaintiff claimed that Barbour was negligent in the operation of her automobile. Barbour then brought a third-party action against the third-party defendant, absentee owner, for indemnification. The third-party defendant thereafter moved for summary judgment.

Barbour, in her affirmation in opposition to the motion for summary judgment, argued, in a cursory and conclusory fashion, that recovery against the third-party defendant was predicated upon the fact that the negligence of the plaintiff driver could be imputed to the third-party defendant. Clearly, this is not the case. The argument that a third-party action will lie against an absentee owner of a vehicle where the defendant fails to bring an action for her own recovery and merely seeks indemnification for plaintiff's injuries is without merit. It has been widely held that the doctrine of imputed contributory negligence has been repudiated (see *Kalechman v Drew Auto Rental,* 33 NY2d 397; *State of New York v Popricki,* 89 AD2d 391). Barbour additionally argued that a second theory for defeating the motion for summary judgment was the third-party defendant's own negligence based on a *Dole v Dow* apportionment (see *Dole v Dow Chem. Co.,* 30 NY2d 143). However, Barbour argued again in the most cursory and conclusory manner that the third-party defendant had acted in a negligent fashion.

Barbour now raises for the first time on appeal the premise that the third-party defendant may have been negligent in the maintenance of her vehicle and that additional discovery is needed. Assuming, *arguendo,* that Barbour had raised this issue at Special Term, the motion for summary judgment should still have been granted. The motion for summary judgment was brought some eight months after the third-party action was commenced, without Barbour seeking discovery on this issue. If facts "essential to justify opposition may exist but cannot then be stated, the court may deny the motion or may order a continuance to permit affidavits to be obtained or disclosure to be had" (CPLR 3212, subd [f]; see *Zuckerman v City of New York,* 49 NY2d 557; *Behar v Ordover,* 92 AD2d 557). However, Barbour should not be allowed to claim that facts cannot be stated where her own voluntary inaction is the cause of the lack of knowledge (see *Johannsdottir v Kohn,* 90 AD2d 842; *Twining, Nemia & Hill v Read Mem. Hosp.,* 89 AD2d 432; *Smith v Ferro,* 86 AD2d 752; *Silinsky v State-Wide Ins. Co.,* 30 AD2d 1).

In order to defeat a motion for summary judgment, Barbour must show facts sufficient to require a trial (*Friends of Animals v Associated Fur Mfrs.,* 46 NY2d 1065; *Coley v Michelin Tire Corp.,* 99 AD2d 795). We find that the contentions raised by Barbour in opposition to the motion for summary judgment are bare conclusory allegations which are insufficient to defeat the motion (*Zuckerman v City of New York, supra; Spearmon v Times Sq. Stores Corp.,* 96 AD2d 552). Weinstein, J. P., Brown, Rubin and Eiber, JJ., concur.