KARL HOLT, Appellant, v JOYCE D. NESBIT et al., Respondents.

Special Term properly ruled that the negligence of the driver of plaintiff's vehicle shall not bar plaintiff's recovery, but erred in holding that the driver's negligence "may to the extent proved at trial be asserted in diminution of the plaintiff HOLT's award of damages."

The general rule is that a driver's negligence should not be imputed to an absentee owner so as to bar or diminish the owner's recovery for property damage (*see, Kalechman v Drew Auto Rental,* 33 NY2d 397; *Continental Auto Lease Corp. v Campbell,* 19 NY2d 350). The defendants' contention, apparently adopted by Special Term, that the respondeat superior relationship is an exception to this rule is without merit (*see, Smalley v Associated Transp.,* 52 AD2d 979; *Hedge v Sachs,* 50 AD2d 855). The *Kalechman* court held "that the general rule should be applied *without exception * * * no matter what* [plaintiff's] *relationship to the driver may be*" (33 NY2d 397, 405, *supra;* emphasis added). There is no justification to retain

imputed contributory negligence when the master-servant relationship is involved (*see, Bibergal v McCormick,* 101 Misc 2d 794, 798-799; *cf. State of New York v Popricki,* 89 AD2d 391). We hold, therefore, that the negligence of an employee may not be imputed to an absent plaintiff employer so as to bar, or diminish, his recovery for property damage. An owner should be held accountable only for his own actual negligence. Accordingly, we modify the order appealed from by deleting from the second decretal paragraph the language "but may to the extent proved at trial be asserted in diminution of the plaintiff HOLT's award of damages" and, otherwise, we affirm. (Appeal from order of Supreme Court, Allegany County, Kuszynski, J. — strike affirmative defense.) Present — Dillon, P. J., Callahan, Denman, Green and Schnepp, JJ.