■ ARTHUR E. SERVIDORI et al., Respondents-Appellants, v GARY C. MAHONEY, Appellant-Respondent.—Per Curiam. Cross appeals (1) from an order of the Supreme Court (White, J.), entered July 10, 1986 in Montgomery County, which, *inter alia,* denied defendant's motion that the apportionment of liability applied against plaintiff Arthur E. Servidori be extended to the verdicts awarded to plaintiffs Transit Casualty Company and Jerry J. Kobs, Inc., and which denied plaintiffs' cross motion that defendant be directed to pay certain witness fees, and (2) from an order of said court, entered August 13, 1986 in Montgomery County, which granted defendant's motion to delete from the judgment entered by plaintiff Servidori a provision awarding him interest from the date of the jury verdict.

This matter has its genesis in an October 1981 accident involving a vehicle owned and operated by defendant and a tractor trailer operated by plaintiff Arthur E. Servidori. Besides personal injury to Servidori, the accident resulted in damage to the tractor owned by Servidori and insured by plaintiff Transit Casualty Company (Transit Casualty) and the trailer and its contents owned by plaintiff Jerry J. Kobs, Inc. (Kobs). All three commenced actions against defendant and the actions were consolidated. Following a jury trial, a verdict was rendered in favor of Servidori with liability apportioned 20% against Servidori and 80% against defendant. Transit Casualty was awarded the full amount it claimed for repair of Servidori's tractor and Kobs recovered the full amount it claimed for damage to the trailer and its contents. Thereafter, defendant moved to set aside the verdict as to Servidori and the motion was granted; Servidori stipulated to a reduction of the verdict with respect to damages.

Three issues are presented for our consideration on this appeal. The first is whether the trial court erred in refusing to apply the jury's apportionment of liability with respect to Servidori to Transit Casualty's verdict under a subrogation theory. We conclude that the court did err. Initially, we note that Transit Casualty, having paid for the necessary repairs to Servidori's tractor, is properly considered to be Servidori's subrogee *(see,* Black's Law Dictionary 1279 [5th ed]). A subrogee acquires all rights, defenses and remedies of the subrogor and is subject to any claims or defenses which may be raised against the subrogor; thus, the rights of a subrogee must be determined with respect to the rights of the subrogor *(see, United States Fid. & Guar. Co. v Smith Co.,* 46 NY2d 498, 504; *Solomon v Consolidated Resistance Co.,* 97 AD2d 791, 792; *Medical Malpractice Ins. Assn. v Medical Liab. Mut. Ins. Co.,* 86 AD2d 476, 479-480, *lv denied* 57 NY2d 604). Therefore, Transit Casualty, as Servidori's subrogee, stands in Servidori's shoes and is subject to the same apportionment of liability that was applied to Servidori's verdict.* With respect to Transit Casualty's claim that defendant did not raise this subrogation issue at trial and thus has waived the issue, the record reveals that although defendant did not specifically present this issue to the court in his trial memorandum, the court did in fact consider the issue. Accordingly, we do not deem the issue to have been waived.

Plaintiffs contend that the trial court erred in denying their motion for an order requiring defendant to pay the expenses of certain witnesses who testified because defendant refused to respond to several of plaintiffs' notices to admit. The notices required defendant to admit, *inter alia,* that the amount of damage to Servidori's tractor was $12,699.84, that Transit Casualty paid $12,199.84 for repairs to the tractor, and that the amounts that Kobs claimed were due for damages to the trailer and its contents were fair and reasonable. Defendant refused to admit these claims, and plaintiffs contend that this refusal was unreasonable. We disagree. The purpose of a notice to admit "is to eliminate from contention factual matters which are easily provable and about which there can be no controversy" *(Berg v Flower Fifth Ave. Hosp.,* 102 AD2d 760), and it may not be utilized to request admission of material issues or ultimate or conclusory facts *(Taylor v Blair,*

---

* Such an apportionment is, of course, inapplicable to Kobs. Kobs is an absentee owner, not a subrogee, and Servidori's negligence may not be imputed to it *(see, Holt v Nesbit,* 110 AD2d 1039).

116 AD2d 204, 206). Under this standard, plaintiffs' requests to admit were patently improper, and defendant's refusal to admit cannot be considered unreasonable. While we agree with plaintiffs that defendant would have been well advised to move for a protective order to test the reasonableness of the notices to admit, we cannot say that his failure to so move in and of itself entitles plaintiffs to recover witness expenses under CPLR 3123, especially in light of the impropriety of the notices to admit.

Finally, Servidori asserts that he is entitled to receive interest from the date of the jury's verdict rather than the date that the trial court ruled on defendant's motion to set aside the verdict, since it was defendant's action of making that motion that engendered the five-month delay between verdict and judgment. We find this claim to be without merit. When a party moves pursuant to CPLR 4404 to set aside the jury's verdict and the motion is granted, interest should be measured from the date on which the motion is determined rather than the date on which the original verdict was rendered (see, 5 Weinstein-Korn-Miller, NY Civ Prac ¶ 5002.03). This is precisely the situation here: defendant moved to set aside the verdict in favor of Servidori and the motion was granted, the trial court stating that it would order a new trial unless Servidori stipulated to a reduction in damages. Certainly it would work a grave injustice to defendant if he was to be effectively penalized for having made a successful motion. Under these circumstances, the trial court did not err in granting defendant's motion to delete from Servidori's judgment that portion awarding interest from the date of the jury verdict.

Order entered July 10, 1986 modified, on the law, without costs, by reversing so much thereof as denied defendant's motion to have the jury's apportionment of liability as to plaintiff Arthur E. Servidori applied to the property damage verdict rendered in favor of plaintiff Transit Casualty Company; said motion granted; and, as so modified, affirmed.

Order entered August 13, 1986 affirmed, without costs. Weiss, J. P., Mikoll, Yesawich, Jr., and Harvey, JJ., concur.