■ DAVID J. SELZNICK, Appellant, v ORDAN CORP. et al., Respondents. [609 NYS2d 5] —Order, Supreme Court, New York County (Alice Schlesinger, J.), entered September 15, 1992, which, *inter alia,* granted the motion by defendants Ordan Corp. ("Ordan") and Zvi Markfeld and cross-motions by defendants I.E.G. Sales Company, Inc., Fantasia, Inc., Ted Levy, MSB Industries of New York, Inc. and Marvin Bancroft (collectively "the customer defendants"), to dismiss the plaintiff's amended complaint; for summary judgment pursuant to CPLR 3212 dismissing the original complaint; to dismiss the claims against the customer defendants, and which granted a default judgment against the plaintiff on the first three counterclaims asserted in the verified answer of defendant Ordan, unanimously affirmed, without costs.

The IAS Court did not err in granting summary judgment in favor of the defendants dismissing the plaintiff's original complaint for, *inter alia,* fraud, breach of fiduciary duty, breach of contract and conversion, since the defendants tendered documentary evidence sufficient to eliminate any mate-

rial issue of fact from the case *(Winegrad v New York Univ. Med. Ctr.,* 64 NY2d 851, 853), and since the plaintiff, in opposing the motion, via the conclusory affidavit of counsel, failed to establish by evidentiary facts that his claims were real and can be established at trial *(Zuckerman v City of New York,* 49 NY2d 557, 562).

Nor may plaintiff defeat summary judgment by asserting that salient facts exclusively within the knowledge and control of the movants exist which could not be stated without discovery (CPLR 3212 [f]), where, as here, the plaintiff's own voluntary inaction is the cause of the lack of knowledge since plaintiff delayed six years in commencing the underlying action and never sought any discovery *(Moxon v Barbour,* 106 AD2d 558, 559).

Finally, the IAS Court properly granted a default judgment against the plaintiff as to the first through third counterclaims asserted by defendant Ordan in its verified answer since it is uncontroverted that plaintiff failed to reply to the counterclaims, never sought or was granted an extension of time within which to serve an untimely response, and failed either to oppose the defendant's motion seeking the default or to seek the vacatur thereof *(Podolsky v Podolsky,* 119 AD2d 740). Concur—Carro, J. P., Ellerin, Wallach, Kupferman and Nardelli, JJ.